# Wytheville

## NELSON D. MAHONEY v. COMMONWEALTH OF VIRGINIA.

June 14, 1934.

Present, All the Justices.

The opinion states the case.

*William W. Butzner,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The defendant, Nelson Mahoney, was indicted for violation of section 3305c of the Code of 1930. The indictment reads as follows:

"The grand jurors of the Commonwealth of Virginia, in and for the body of the county of King George, and now attending the said court at its May term, 1933, on their oaths do present that Nelson D. Mahoney, a citizen of Virginia, on or about the 18th day of March, 1933, did unlawfully and feloniously take and catch oysters from the

Potomac river in waters adjacent to the said county of King George, by means of a dredge, contrary to the provisions of section 3305c of the Code of Virginia, the legislature of the State of Maryland having passed a statute similar to said section 3305c of the Code of Virginia, which is now effective in the State of Maryland, and was so effective at the time of the commission of the said offense, and the Governor of Virginia having duly issued his proclamation declaring the provisions of said section 3305c of the Code of Virginia, to be effective in the Commonwealth of Virginia, against the peace and dignity of the Commonwealth of Virginia."

When the case was called for trial, the defendant moved the court to quash the indictment, on the ground: "That the indictment shows that no law has been violated."

By agreement of the attorney for the Commonwealth and the accused, the motion to quash the indictment was heard by the court on these facts:

"(1). That the defendant is a resident of King George county, Virginia, residing and domiciled in King George county and was such at the time of the alleged offense in March, 1933.

"(2). That section 3299 of the Virginia Code of 1930, Acts 1930, p. 729, ch. 301, known as Senate Bill 354, was passed by the General Assembly of Virginia, and approved March 24, 1930.

"(3). That subsection 2, of section 3299, is as follows: 'It shall not be lawful for any citizen of Maryland, or of Virginia, to take or catch oysters with a scoop, scrape, dredge, or any such instrument in the waters of the Potomac river between the fifteenth day of March and the first day of November of each year; it shall not be lawful for any citizen of either State to take oysters with tongs from the waters of the Potomac river between the fifteenth day of April and the fifteenth day of September of each year, except as hereinafter provided in subsection 4 of this act; it shall not be lawful for any person to have in

possession any oysters taken from the waters of the Potomac river between the twentieth day of April and the fifteenth day of September of each year; every person found guilty of violating any of the provisions of this section shall be fined not less than fifty dollars, nor more than five hundred dollars for each offense, and the vessel, together with its equipment and cargo, used in violating any such provision, shall be forfeited to the State.'

"Subsection 10 provides: 'An emergency existing for the passage of this act, because of the depletion of fish and shell-fish in the Potomac river, the same shall take effect from the date of its passage; provided concurrent legislation has been passed by the General Assembly of Maryland, or if not passed then immediately upon the passage thereof.'

"Subsection 12 of this act provides: 'And be it enacted, that upon the taking effect in the State of Maryland of the provisions prescribed in this act, the Governor of Virginia shall issue his proclamation declaring the provisions of this act to be effective.'

"Subsection 13 of the said act further provides: 'And be it enacted by the General Assembly of Virginia that all acts, or parts of acts, in conflict herewith are hereby repealed.'

"(4). That on August 11, 1931, the Governor of Virginia issued his proclamation thereon, declaring this law to be effective, as follows: 'Whereas chapter 301 of the Acts of the General Assembly of 1930 provides that upon the taking effect in the State of Maryland of the provisions prescribed in said act, the Governor of Virginia shall issue his proclamation declaring the provisions of said act to be effective in the State of Virginia; and, whereas satisfactory evidence has been presented to me of the taking effect in the State of Maryland of such provisions; Now therefore I, John Garland Pollard, Governor of Virginia, under authority vested in me by the aforesaid act, do hereby declare and proclaim that the provisions of chapter 301 of the Acts of the General Assembly of 1930 are

now, and shall hereafter continue to be, in force in the State of Virginia until lawfully rescinded or repealed.

" 'Given under my hand and under the lesser seal of the Commonwealth, at Richmond, this 11th day of August, in the year of our Lord one thousand nine hundred and thirty-one, and the one hundred fifty-sixth year of the Commonwealth.

" 'JOHN GARLAND POLLARD,<br>" 'Governor of Virginia.

" 'Seal

" 'By the Governor.

" 'PETER SAUNDERS,

  " 'Secretary of the Commonwealth.'

"(5). That the same act was passed by the General Assembly of the State of Maryland, and is designated as chapter 476, section 72 of the Acts of 1927, p. 912, which is as follows: 'It shall not be lawful for any citizen of Maryland or Virginia to take or catch oysters with a scoop, scrape, dredge, or any such instrument in the waters of the Potomac river between the fifteenth day of March and the first day of November of each year; it shall not be lawful for any citizen of either State to take oysters with tongs from the waters of the Potomac river between the fifteenth day of April and the fifteenth day of September of each year, except as hereinafter provided in section 74; it shall not be lawful for any person to have in possession any oysters taken from the waters of the Potomac river between the twentieth day of April and the fifteenth day of September of each year. Every person found guilty of violating any of the provisions of this section shall be fined not less than fifty dollars nor more than five hundred dollars for each offense, and the vessel, together with its equipment and cargo, used in violating any such provisions, shall be forfeited to the State.'

"Section 2 of chapter 476 of the Acts of 1927 of the General Assembly of Maryland repealed all laws of the State, general or local, inconsistent therewith to the extent of such inconsistencies.

"Section 3 of the said chapter 476 of the Acts of 1927 of the General Assembly of Maryland provides that upon the taking effect in the State of Virginia of the provisions described therein the Governor of Maryland shall issue his proclamation declaring the provisions of this act to be effective.

"On August 25, 1930, the Governor of Maryland issued his proclamation thereon, declaring this law to be effective.

"(6). That section 3305c of the Virginia Code of 1930, designated as chapter 319, Acts Assembly 1930, p. 748, known as House Bill 89, and approved March 24, 1930, provided as follows:

" 'Be it enacted by the General Assembly of Virginia, That it shall be unlawful for any person to take or catch oysters from the Potomac river by means of a dredge or scrape, or any instrument other than ordinary shaft or patent tongs at any season of the year. Any person violating the provisions of this act upon conviction thereof shall be confined in the penitentiary for not less than one year nor more than three years, or may be confined in jail not exceeding one year and fined not less than one hundred dollars, nor more than one thousand dollars, either or both, in the discretion of the court or jury trying the case. In any prosecution of the violation of this section against the master or commander of a vessel, or any of his crew, or any person on board thereof, proof that such vessel was equipped with a crank, dredge or scrape shall be *prima facie* evidence of the violation of this section. Any vessel, boat, or other craft, her tackle, apparel, anchor, cables, sails, rigging and appurtenances, and any dredge, scrape, or other instrument used in violation of the provisions of this section, shall, together with the cargo of such vessel, boat, or craft, be condemned as forfeited to the Commonwealth in proceedings, as provided for the enforcement of forfeitures.

" 'The provisions of this act shall not take effect until a similar act becomes effective in the State of Maryland,

whereupon the Governor of Virginia shall issue a proclamation declaring the provisions of this act to be. effective.'

"(7). That the Governor of Virginia, on August 11, 1931, issued his proclamation declaring this statute to be effective.

"(8). That by Acts of 1931, chapter 517, and designated as section 75A the General Assembly of the State of Maryland passed a similar act to that passed by the General Assembly of Virginia, which is as follows:

" 'It shall be unlawful for any person to take or catch oysters from the Potomac river by means of a dredge or scrape, or any instrument other than ordinary shaft or patent tongs, at any season of the year. Any person violating the provisions of this act upon conviction thereof shall be confined in the penitentiary for not less than one year nor more than three years, or may be confined in jail not exceeding one year and fined not less than one hundred dollars nor more than one thousand dollars, either or both, in the discretion of the court or jury trying the case. In any prosecution of the violation of this section against the master or commander of a vessel, or any of his crew, or any person on board thereof, proof that such vessel was equipped with a crank, dredge or scrape shall be *prima facie* evidence of the violation of this section. Any vessel, boat or other craft, her tackle, apparel, anchor, cables, sails, rigging and appurtenances, and any dredge, scrape, or other instrument used in violation of the provisions of this section, shall, together with the cargo of such vessel, boat or craft, be condemned as forfeited to the Commonwealth in proceedings, as provided for the enforcement of forfeitures.'

"(9). That on June 5, 1931, the Governor of the State of Maryland issued his proclamation, declaring this law to be effective.

"(10). That each proclamation made by the Governors of Virginia and Maryland, respectively, in each instance recited that a similar law had been passed by both Virginia and Maryland."

The motion to quash was denied.

Thereupon, the defendant pleaded not guilty and the jury empaneled to try him was charged as to the law under section 3305c, to which charge the defendant excepted, on the ground that section 3305c did not apply in this prosecution.

The defendant was found guilty and his punishment fixed at a fine of $100. The court, over the objection of the defendant, entered judgment on the verdict.

The sole question raised by the assignment of error is the validity of section 3305c of the Code. It is contended that section 3305c, known as the Stuart Bill, never became a law, for the reason that it was revoked and repealed by the enactment of section 3299, known as the Norris Bill.

There can be no question that the two sections were enacted for the protection, preservation and conservation of the oyster industry in the Potomac river, in conjunction with similar legislation on the part of the State of Maryland.

"It is a well-settled principle of law that where two statutes are in apparent conflict they should be so construed, if reasonably possible, so as to allow both to stand and to give force and effect to each." *Kirkpatrick v. Board of Supervisors,* 146 Va. 113, 125, 136 S. E. 186, 190.

When we analyze the two sections it is manifest that the legislature intended to prohibit the taking of oysters from the waters of the Potomac river by means of dredge or scrape, and only to permit the taking of oysters by means of the ordinary shaft or patent tongs. This intention is emphasized when we consider the following facts: Both the Norris Bill and the Stuart Bill were signed by the legislative officials on March 17, 1930. They were approved by the Governor on March 24, 1930. The Norris Bill contained an emergency clause and also contained a clause repealing all *acts* or *parts of acts* in conflict therewith. The Stuart Bill contained no emergency provision or repealing clause. The Norris Bill contained a proviso in the emergency clause that it should take effect "pro-

vided concurrent legislation has been passed by the General Assembly of Maryland, or if not passed, then immediately upon the passage thereof." Section 3299, subsection 10. The Stuart Bill provided: "The provisions of this act shall not take effect until a similar act becomes effective in the State of Maryland, * * *." Section 3305c.

Due to the fact that Maryland, prior to the enactment of the Norris Bill, had adopted concurrent legislation the Norris Bill became effective March 24, 1930, and all acts in conflict therewith were of course repealed.

The question then arises, which of the two acts controls?

■■ When two acts containing different provisions with reference to the same subject matter are approved on the same day, one of which carries an emergency clause and the other of which carries a provision making it effective at a fixed future day or upon the happening of a future contingency, if neither of them carries a repealing clause, the emergency act becomes immediately effective and remains in full force until the taking effect of the other act. When the other act becomes effective it repeals the emergency act in so far as it is inconsistent with the emergency.

■■ A bill becomes an act when it is approved by the Governor, or becomes a law without his signature. (See section 76, Constitution of Virginia). When two bills are signed by the Governor on the same day (as was the case with these two acts), they are to be regarded as having become "acts" simultaneously, neither one before the other. Under these circumstances a provision in the emergency act (which becomes effective instantly), providing that "all acts or parts of acts in conflict herewith are hereby repealed," is not to be construed as speaking of an act which comes into being simultaneously with it, but of acts which were acts when it became an act. The intention of the legislative branch of the government is to be interpreted as intending that the emergency act shall remain in force until the other act becomes effective, and

then be displaced by it to the extent that the two are in conflict.

Our conclusion therefore is that the Norris Bill went immediately into effect, because of its emergency clause and because the legislature of Maryland had already acted, and continued in force until the Stuart Bill took effect, twelve months thereafter, when the legislature of Maryland passed similar legislation.

There is no error in the judgment pronounced by the circuit court, and, therefore, it is affirmed.

*Affirmed.*