# Staunton

ADRIAN MARIE GASKILL V. COMMONWEALTH OF VIRGINIA.

September 11, 1946.

Record No. 3114.

\ Present, All the Justices.

The opinion states the case.

*T. W. Messick* and *Shuler A. Kizer,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *Carrington Thompson, Assistant Attorney General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Adrian Marie Gaskill was convicted by a jury in the trial court of operating a house of ill fame and was given six months in jail. In lieu thereof the trial court committed her to the State Industrial Farm for Women for a like period.

The evidence discloses beyond a reasonable doubt that the accused was guilty as charged. In this court it is conceded by her counsel that the evidence was sufficient to sustain a conviction. We have therefore before us upon this writ

of error only one question of law which is raised upon instruction number one, given by the court, over the objection of the accused. That instruction is as follows:

"The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that the accused, Marie Gaskill, between January, 1945, and September 1, 1945, did keep a bawdy house or house of ill fame, where persons might meet for the purpose of prostitution within the City of Lynchburg, they should find her guilty as charged and fix her punishment at confinement in jail not more than 12 months."

Upon the tendering of this instruction counsel for the accused objected upon the ground that the punishment provided therein was not in accordance with Code, secs. 4548 or 4548e (Michie, 1942). Section 4548 provided for a fine not exceeding $200, and confinement in jail not exceeding one year for one found guilty of conducting a house of ill fame.

The trial court was of opinion that Code, sec. 4548 had been repealed by Code, secs. 4548c, 4548e, 4548f and 4548g. Code, sec. 4548f provides, among other things, that one found guilty of keeping a house of ill fame *shall not be fined* but shall be committed to a city farm or hospital, and if there be no city farm or hospital, such guilty person shall be committed to jail; while Code, sec. 4548e provides that for each violation (for keeping a house of ill fame), the defendant shall be fined not more than $500, or imprisoned for not more than 12 months, or both. Sec. 4548g provides for still another punishment—among other things, that if *any female* is convicted of keeping a house of ill fame she may be committed to the State Board of Charities and Corrections for an indeterminate period of not less than three months nor more than three years.

It is at once apparent that there is a decided conflict in the statutes relating to the punishment. The four sections, 4548, 4548e, 4548f, and 4548g, provide four different punishments for conducting a house of ill fame.

Sections 4548e and 4548f, which control here, were

enacted by the General Assembly of 1918; both were emergency statutes, and both contain a paragraph repealing all Acts and parts of Acts in conflict with each statute.

House Bill No. 34, which became chapter 256 of the Acts of 1918, page 436, a part of which is now Code, sec. 4548e, was approved by the Governor on March 16, 1918. House Bill No. 35, which became chapter 404 of the Acts of 1918, page 670, and which is sec. 4548f of the Code, was approved by the Governor on March 23, 1918.

The single question for our decision is which statute applies to the case at bar. As we have seen, the trial court applied what was House Bill No. 35, or what is now known as sec. 4548f of the Code, insofar as her incarceration was concerned, and committed the accused to the State farm. But inasmuch as sec. 4548f prescribes no limit of time for which she could be confined on the State farm, the trial court applied the limit of 12 months which is prescribed in sec. 4548e.

The accused contends that the jury should have been instructed that in case she were found guilty she could be punished either by a fine or by a jail sentence or by both (Code, sec. 4548e), whereas, under the instruction, the jury were told that she could only be punished by a jail sentence. (Code, sec. 4548f.)

We are of the opinion that House Bill No. 35, a part of which is now sec. 4548f, having been approved by the Governor later than House Bill No. 34, superseded House Bill No. 34 (now sec. 4548e), insofar as the punishment by a fine is concerned. Section 4548g was not invoked and it is not before us in this case.

A Bill becomes an Act when it is approved by the Governor, or under certain circumstances becomes a law without his signature. (Va. Constitution, sec. 76. See also sec. 53.) In cases of irreconcilable conflict in statutes passed at the same session of the legislature, the one last approved by the Governor must prevail. *Commonwealth* v. *Sanderson*, 170 Va. 33, 195 S. E. 516, and *Mahoney* v. *Commonwealth*, 162 Va. 846, 174 S. E. 817.

At a special session of the legislature in 1942 (Acts 1942, Ex. Sess., c. 18), chapter 404 of the Acts of 1918, (Code, sec. 4548f), was amended but the amendment has no bearing on this case. It made no change in the penalty provisions of the statute.

■■ After mature consideration we decide that Code, sec. 4548 is repealed by Code, secs. 4548c, 4548e, and 4548f, insofar as there is a conflict in the statutes relating to the punishment for keeping a house of ill fame or bawdy house. Code, sec. 4548f having been made effective later, repeals the penalty provision in sec. 4548e to the extent that no fine may be imposed, leaving untouched the provision in that statute (4548e) for a jail sentence of not more than 12 months. So, as the law now stands, considering the related statutes together, one found guilty of conducting a house of ill fame *must* be punished by the imposition of a jail sentence within the statutory limits of sec. 4548e, the portion of that statute imposing a fine having been repealed and invalidated by the later section, 4548f.

That was the conclusion of the trial court and, as we view it, it is the only logical conclusion that can be reached unless we are prepared to nullify the four sections of the Code, open the doors of the State farm and other penal institutions to those who have been committed to them for conducting houses of ill fame by the court and, in effect, judicially pronounce that in Virginia there is no statutory offense of conducting a house of ill fame.

The trial court indicated that under our system every person charged with crime was entitled to a jury trial (Constitution, sec. 8); that the jury is the tribunal not only to decide the guilt or innocence of the accused, but also to fix the punishment when it determines the guilt of a party. (See Code, secs. 4783-84-85.) Yet, under the provisions of sec. 4548g (which is not involved in this case), any *female* convicted by any court of keeping a house of ill fame may be committed to the State Board of Charities for an indeterminate period of not less than three months nor more than three years. Thus it is seen, observes the trial court, that under sec. 4548g the court and not the jury fixes the

punishment. The trial court makes this query: "What has become of a jury trial if the court may do this?" Another question might properly be asked: Why does the statute only apply to a *female?* A male sometimes is found operating a house of ill fame.

We can only say that when a situation such as that pointed out by the trial court arises in a case properly before us, involving sec. 4548g (amended by Acts 1946, p. 468), we will then decide it. We cannot and do not now pass judgment upon the constitutionality of sec. 4548g.

It is obvious from reading the statutes referred to that they are in a state of confusion. Naturally, the trial courts do not know how to apply them correctly. In some respects they are conflicting. Where one statute is applied it may run counter to another in some material respect. Again when another is applied it may conflict with established and general law, as indicated in the remarks of the trial court. Perhaps they were drawn and enacted without sufficient study of the field as a whole. It is to be hoped that before other changes are made the legislature will conduct a comprehensive study of the entire subject, and statutes drawn with precision and clarity enacted, and that they will be consistent and not run counter to fundamental law. Until that time courts will do the best they can to reconcile the present conflict in existing statutes on the subject, and so construe and apply them as to uphold them wherever it can be done without doing violence to general law. Courts will continue to read and consider them as a whole in the light of their beneficent purposes, always having due regard for the intent and will of the legislature where these can be ascertained from the language used.

Finally, counsel for the accused contends that in the cases of *Wilson* v. *Commonwealth* (1922), 132 Va. 824, 111 S. E. 96; *Foster* v. *Commonwealth* (1942), 179 Va. 96, 18 S. E. (2d) 314, and *Trent* v. *Commonwealth* (1943), 181 Va. 338, 25 S. E. (2d) 350, this court recognized the continued validity of prosecutions and convictions under sec. 4548 after the enactment in 1918 of secs. 4548c, 4548e, and

4548f, by upholding convictions which were had under sec. 4548, in which fines and jail sentences were imposed, thereby in effect deciding that sec. 4548 had not been repealed. He also contends that this court recognized the validity of imposing a fine or jail sentence for such an offense under sec. 4548e in the case of *Bennett* v. *Commonwealth*, 182 Va. 7, 28 S. E. (2d) 13. He argues that now to hold that the punishment for keeping a house of ill fame is limited to only a jail sentence without any fine at all, would be to reverse the cases referred to where it had been decided that not only a jail sentence could be imposed but a fine also.

■ A complete answer to this contention is that the question of whether or not Code, sec. 4548, had been repealed by the other sections in 1918 was not raised, and was not before the court in any of the cases relied upon.

■ In *Southern Ry. Co.* v. *Childrey*, 113 Va. 376, 74 S. E. 221, this question was put at rest. There we find this clear statement: "A question of law not brought to the attention of the court or passed upon by it cannot be considered as decided in a subsequent case involving the same question."

■ We affirm the judgment.

*Affirmed.*