PRESENT: Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Carrico and Russell, S.JJ.

JAMES LESTER WALLER

                                            OPINION BY
v.  Record No. 081920       SENIOR JUSTICE HARRY L. CARRICO
                                         November 5, 2009
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In a bench trial held in the Circuit Court of Pittsylvania County, the defendant, James Lester Waller, was convicted of the possession of a firearm after having been convicted of a violent felony.  Code § 18.2-308.2(A).  In his appeal to the Court of Appeals of Virginia, his conviction was affirmed. Waller v. Commonwealth, 52 Va. App. 571, 665 S.E.2d 848 (2008). We awarded him this appeal.  Because his previous convictions were not properly authenticated in the circuit court, we will reverse the judgment of the Court of Appeals.

FACTUAL BACKGROUND

The defendant resided in a house in a rural section of Pittsylvania County and a nephew, Shannon Martin, lived in a trailer ten or twelve feet from the house.  On August 5, 2006, the defendant accused the nephew of stealing gas from him and of selling drugs.  The nephew stated that he was "going to get [his] gun" and would be "coming back to kill [the defendant]." The nephew "got in his car and left."

The defendant knew the nephew had a gun, so he went "[i]n the woods" behind his house to "get the guns . . . somebody put . . . there for [him]."  In thirty-five or forty-five minutes, Marcus Jones, a deputy with the Pittsylvania Sheriff's Office, arrived in response to a report about "a threat" at the defendant's address.[1]  At that point in time, the nephew had not returned.

The deputy saw the defendant "crouched in front of a red and white van" placing a shotgun under the vehicle, where a rifle and a revolver were also found.  In addition, the defendant had "a silver colored revolver in his [left rear] pocket."  Three of the four weapons were loaded, and the loaded cylinder for the fourth one was in the defendant's right front pocket.

The deputy asked the defendant if "he was a felon," and the defendant said, "yes."  At trial, the defendant was again asked if he was a convicted felon, and he confirmed that he was.  But when asked whether he had gone to prison for armed robbery, the defendant said he did not "remember if it was for armed robbery or not."

Over the defendant's objection, the circuit court admitted into evidence six orders entered in January 1975 by the Circuit

---

[1] The record does not disclose the identity of the person who made the complaint to the Sheriff's Office.

Court of Henry County, each convicting the defendant of armed robbery with one order imposing upon the defendant a sentence in the penitentiary of five years with three years suspended and the other five orders imposing a sentence of five years, all suspended. The first order bears the typewritten name of the circuit court judge but his signature does not appear on that order or any of the remaining five. Each order states the date of the trial and shows the book and page number of the circuit court's order book in which it is entered. Each order also bears a stamp reading:

> "A COPY TESTE:
> Vickie Helmstutler  CLERK
> BY T. K. Patterson   D.C."[2]

The name of the clerk is apparently a stamped signature but the signature of the deputy clerk appears to be genuine.

Quoting McMillan v. Commonwealth, 277 Va. 11, 671 S.E.2d 396 (2009), the defendant argues that "[w]hen the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." Id. at 24, 671 S.E.2d at 402. The defendant also quotes Code § 17.1-123(A), which provides as follows:

> All orders that make up each day's proceedings of every circuit court shall be recorded by the clerk in a book known as the order book. Orders that make up each day's

---

[2] "D.C." obviously stands for "Deputy Clerk."

3

proceedings that have been recorded in the order book shall be deemed authenticated when (i) the judge's signature is shown in the order, (ii) the judge's signature is shown in the order book, or (iii) an order is recorded in the order book on the last day of each term showing the signature of each judge presiding during the term.

The defendant argues that the six orders relating to his prior convictions were inadmissible into evidence because they were not properly authenticated. Fatally lacking, the defendant says, is a showing of the judge's signature in the orders, in the order book, or in an order recorded in the order book on the last day of the term.

The Commonwealth, on the other hand, cites Code § 8.01-389(A), which provides in pertinent part as follows:

The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.

The Commonwealth states that " 'certification' means 'the state of having been attested,' while 'attest' means '[t]o bear witness; testify,' and 'to authenticate by signing as a witness.' " The Commonwealth then argues that the words "certification" and "authentication" are synonymous and that the clerk's signature both certified and authenticated the orders in question and they were thus admissible under Code § 8.01-389(A), "even though the copies teste did not bear any

4

indicia that a judge had ever signed the order, or anywhere in the order books."

ANALYSIS

We disagree with the Commonwealth.  In the first place, if the Commonwealth is correct in its argument that "certification" and "authentication" should be given the same construction, the word "authentication" is "useless baggage and serves no [useful] purpose."  Gallagher v. Commonwealth, 205 Va. 666, 669, 139 S.E.2d 37, 39 (1964).  Also, "[s]uch a construction would run counter to the principle that 'every provision in or part of a statute shall be given effect if possible.' "  Id. (quoting Tilton v. Commonwealth, 196 Va. 774, 784, 85 S.E.2d 368, 374 (1955)).  The records of a judicial proceeding may be received as prima facie evidence under Code § 8.01-389(A) provided they are authenticated by the clerk of the court where they are preserved.  And with respect to orders of circuit courts, we must look to Code § 17.1-123(A) to determine how such orders should be authenticated.

Furthermore, during oral argument, the Commonwealth conceded that Code § 8.01-389(A), "standing alone," is not sufficient to make the orders in question admissible into evidence, that to make the orders admissible it is necessary to add the "presumption of official regularity."  This addition, the Commonwealth states on brief, would give "a reasonable

5

basis for inferring that the order book included a judge's signature or a signed term order in compliance with Code § 17.1-123(A)(ii) or (iii)."

We know, of course, from our examination of the six orders contained in the record, that they were not signed by the judge in conformity with Code § 17.1-123(A)(i), and the Commonwealth concedes on brief that "the copies teste did not bear any indicia that a judge had ever signed the order[s] or anywhere in the order book[]."  Yet the Commonwealth would have us infer that the orders did bear indicia that the judge had signed the order book in compliance with Code § 17.1-123(A)(ii) or (iii). In short, what the Commonwealth invites us to infer is something it concedes may not be correct.  We decline the invitation.

Finally, we take note of the Commonwealth's assertion that whether the six orders in question were admissible into evidence "raises issues regarding the interaction between Virginia Code § 8.01-389 (judicial records exception to the hearsay rule) and Virginia Code § 17.1-123 (addressing authentication of orders from circuit court order books)."  It is undoubtedly true that there is an interaction between the two statutes, but the question remains: what is the result of the interaction?  If the Commonwealth is correct in its construction of Code § 8.01-389(A), the result is a conflict

between the two statutes, one permitting the admission into evidence of the orders in question and the other denying admission.

" 'It is a well-settled principle of law that where two statutes are in apparent conflict they should be so construed, if reasonably possible, so as to allow both to stand and to give force and effect to each.' " Mahoney v. Commonwealth, 162 Va. 846, 853, 174 S.E. 817, 819 (1934) (quoting Kirkpatrick v. Board of Supervisors of Arlington County, 146 Va. 113, 125, 136 S.E. 186, 190 (1926)). It is the object of the courts to construe all statutes *in pari materia* "in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation." Lucy v. County of Albemarle, 258 Va. 118, 129-130, 516 S.E.2d 480, 485 (1999)(quoting Tyson v. Scott, 116 Va. 243, 253, 81 S.E. 57, 61 (1914)).

The question then becomes whether the two statutes can be reconciled in light of the foregoing principles and if so, in what manner. In our opinion, the answer is plain and simple. Under Code § 8.01-389(A), the records of all judicial proceedings except orders of circuit courts shall be received as prima facie evidence while circuit court orders shall be received only when authenticated pursuant to Code § 17.1-

123(A).  This solution allows both statutes to stand and gives force and effect to both.

Because the six orders in question were admitted in error, we must vacate the judgment convicting the defendant of possessing a firearm after having been convicted of a violent felony.  The case does not end here, however.  While the evidence was insufficient to convict the defendant of possessing a firearm after having been convicted of a violent felony, it was sufficient to convict him of the lesser offense of possessing a firearm after having been convicted of a non-violent felony.  Code § 18.2-308.2(A), under which the defendant was indicted, covers both an offense committed by a person previously convicted of a violent felony and an offense committed by a person previously convicted of "any other felony."

The defendant confessed to Deputy Jones that he had been previously convicted of a felony.  While this confession would have been ineffective without corroboration, Magruder v. Commonwealth, 275 Va. 283, 307, 657 S.E.2d 113, 126 (2008), it was corroborated by the judicial confession to the same effect the defendant made while under oath on the witness stand, a confession effective standing alone, without any corroboration. See Watkins v. Commonwealth, 238 Va. 341, 348, 385 S.E.2d 50, 54 (1989) (corroboration requirement applies to "extra-judicial

admission or confession"); accord Roach v. Commonwealth, 251 Va. 324, 344, 468 S.E.2d 98, 110 (1996); Moore v. Commonwealth, 132 Va. 741,744-45, 111 S.E. 128, 129 (1922).

Accordingly, we will reverse the judgment of the Court of Appeals and vacate the defendant's conviction for possession of a firearm after having been convicted of a violent felony. We will remand the case to the Court of Appeals with direction to remand the case to the circuit court for a new sentencing hearing on the lesser offense of possessing a firearm after having been convicted of a non-violent felony. This disposition is consistent with Code § 19.2-285, which provides in pertinent part as follows:

> If a person indicted of a felony be by the jury acquitted of part of the offense charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor.

Reversed and remanded.