Present:  All the Justices

TROY LAMONT PRESTON

                                        OPINION BY
v.  Record No. 100596        JUSTICE CYNTHIA D. KINSER
                                     January 13, 2011
COMMONWEALTH OF VIRGINIA

           FROM THE COURT OF APPEALS OF VIRGINIA

     At a bench trial in the Circuit Court of the City of

Martinsville, Troy Lamont Preston was convicted of possession of

a firearm after having been adjudicated delinquent, as a

juvenile 14 years of age or older, of an act that would be a

violent felony if committed by an adult, in violation of Code

§ 18.2-308.2(A)(iii).[1]  The dispositive question on appeal is

whether the evidence was sufficient to sustain the conviction.

Because the Commonwealth failed to prove that Preston previously

had been adjudicated delinquent of an act that would be a

violent felony if committed by an adult, but instead proved only

his prior adjudication of a non-violent felony, we will reverse

the conviction and remand for a new sentencing proceeding on the

lesser offense.

_____

     [1] Preston was also convicted of driving on a suspended
license, third offense, in violation of Code § 46.2-301.  That
conviction is not presently at issue in this appeal.

RELEVANT FACTS AND PROCEEDINGS[2]

Responding to a "disturbance" between Preston and his mother, a City of Martinsville police officer observed Preston driving away in a vehicle. Following his apprehension a short time later, police found a rifle in the front passenger seat of the vehicle, which Preston had deserted. No one else was observed in the vehicle. With regard to the charge under Code § 18.2-308.2(A)(iii), the Commonwealth introduced at trial two exhibits to establish Preston's prior convictions.

One exhibit was an order from the Circuit Court of Henry County, showing Preston had been convicted of grand larceny, in violation of Code § 18.2-95. The other exhibit was a four-page document from the City of Martinsville Juvenile and Domestic Relations District Court. The first page was a "Petition," charging Preston with breaking and entering, in violation of Code § 18.2-91, and bearing the case number JJ001539-02.[3] The second page was Preston's request for the appointment of an attorney. The last two pages were each titled "Record of Proceedings." Both contained Preston's name as well as the same case number as the one listed on the "Petition," JJ001539-02.

---

[2] We will recite only those facts relevant to the dispositive issue.

[3] The crime of breaking and entering in violation of Code § 18.2-91 is classified as a "violent felony" in Code § 17.1-805(C).

2

One page, dated March 22, 1995, indicated under the heading "Disposition" that Preston was found "Guilty – disp 4-19-95 11:45 AM."  The other page, dated April 19, 1995, likewise under the heading "Disposition," showed that Preston received "Probation, 25 hrs c.s."[4]  The juvenile and domestic relations district court judge signed both pages, but neither page contained any information under the headings "Plea" and "Findings of Court."

Preston objected to the introduction of the records from the juvenile and domestic relations district court, arguing that the document contained "no actual finding of what occurred in the case."  The circuit court overruled the objection, stating that there was "a disposition which note[d] that [Preston] was found guilty."  At the close of the Commonwealth's evidence, Preston moved to strike the evidence or, alternatively, to reduce the charge.  Preston argued, inter alia, that the evidence was insufficient to prove he previously had been adjudicated delinquent of an act that would be a violent felony if committed by an adult.  According to Preston, the juvenile and domestic relations district court records did not show the crime for which he had been adjudicated delinquent.  The circuit court overruled Preston's motion.

---

[4] We presume that "c.s." refers to community service.

At the close of all the evidence, Preston renewed his motion to strike the evidence, which the circuit court again overruled. The court found Preston guilty of possession of a firearm after having been adjudicated delinquent of an act that would be a violent felony if committed by an adult and sentenced him to the mandatory minimum term of incarceration for five years. See Code § 18.2-308.2(A).

Preston appealed his conviction to the Court of Appeals of Virginia, arguing, inter alia, that the evidence was insufficient to sustain his conviction. In an unpublished per curiam order, the Court of Appeals denied the petition for appeal. Preston v. Commonwealth, Record No. 0751-09-3 (Nov. 12, 2009). The Court of Appeals concluded that the records from the juvenile and domestic relations district court were sufficient to prove that Preston previously had been adjudicated delinquent of an act that would be a violent felony if committed by an adult. Id., slip op. at 3. It pointed to the pages of the four-page document, with the exception of the form for requesting appointment of counsel, that referenced the same case number as the one listed on the "Petition" charging Preston with breaking and entering in violation of Code § 18.2-91. Id. Finally, the Court of Appeals noted that the juvenile and domestic relations district court judge signed the page showing the adjudication of guilt and the page imposing probation and

4

community service.  Id.  On consideration by a three-judge

panel, the Court of Appeals again denied Preston's petition for

appeal.  Preston v. Commonwealth, Record No. 0751-09-3 (Feb. 26,

2010).  Preston now appeals to this Court.

ANALYSIS

The statute under which Preston was convicted prohibits the

knowing and intentional possession or transportation of a

firearm by "any person under the age of 29 who was adjudicated

delinquent as a juvenile 14 years of age or older at the time of

the offense of a delinquent act which would be a felony if

committed by an adult."  Code § 18.2-308.2(A)(iii).  Any person

violating this section "who was previously convicted of a

violent felony as defined in [Code] § 17.1-805 shall be

sentenced to a mandatory minimum term of imprisonment of five

years."  Code § 18.2-308.2(A).  As we have explained, "the

Commonwealth is required to prove beyond a reasonable doubt that

the defendant was previously convicted of a violent felony,

designated as such under Code § 17.1-805, in order to establish

that the defendant is subject to the five-year mandatory minimum

sentence to be imposed under Code § 18.2-308.2(A)."  Rawls v.

Commonwealth, 272 Va. 334, 348, 634 S.E.2d 697, 704 (2006).  In

the absence of such proof, "the defendant is subject to

imprisonment for a term of between two years and five years."

Id.

The dispositive question in this appeal is whether the evidence was sufficient to prove beyond a reasonable doubt that Preston previously had been adjudicated delinquent of an act that would be a violent felony if committed by an adult.  In answering that question, we view the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court.  Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139 (2008).  Sitting without a jury, the circuit court acted as the fact finder in this case; thus, the court's judgment is afforded the same weight as a jury verdict and will not be disturbed on appeal unless it is "plainly wrong or without evidence to support it."  Code § 8.01-680; Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999).  "However, 'it is just as obligatory upon the appellate court, to set aside . . . the judgment of a court, when it is, in its opinion, contrary to the law and evidence, and therefore plainly wrong, as it is to sustain it when the reverse is true.' "  Hickson, 258 Va. at 387, 520 S.E.2d at 645 (quoting Bland v. Commonwealth, 177 Va. 819, 821, 13 S.E.2d 317, 317 (1941)).

Although the records from the juvenile and domestic relations district court, when read together as the Commonwealth urges, prove the fact of a conviction, they do not show the nature of the conviction.  According to the "Petition," Preston was charged with breaking and entering in violation of Code

6

§ 18.2-91, which if committed by an adult would be a violent felony under Code § 17.1-805(C). And, each of the two pages titled "Record of Proceedings" contained the same record number as that appearing on the "Petition." The juvenile and domestic relations district court judge signed those two pages: one showed the guilty disposition and the other evidenced the imposition of probation and 25 hours of community service.

The records do not, however, prove beyond a reasonable doubt that Preston was adjudicated delinquent of breaking and entering. As the Court recognized in Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005), "a defendant charged with felonious conduct may be convicted of a lesser-included offense, or the original charge may be reduced upon the defendant's agreement to plead guilty to the reduced charge." Because the sections titled "Plea" and "Findings of Court" are blank on the two pages signed by the juvenile and domestic relations district court judge, we do not know what plea Preston entered or to what charge. And, the imposition of probation along with community service does not necessarily mean that Preston was adjudicated delinquent of the act of breaking and entering. See, e.g., Code § 16.1-278.8 (discussing sentencing options for juveniles adjudicated delinquent); see also Palmer, 269 Va. at 208, 609 S.E.2d at 310. Because the Court is "unable to determine the nature of the delinquent act[]" for which

7

Preston was adjudicated, the Commonwealth did not meet its burden of proving that Preston previously had been adjudicated delinquent of an act that would be a violent felony if committed by an adult. Palmer, 269 Va. at 208, 609 S.E.2d at 310.

Contrary to the Commonwealth's assertions, our decisions in Palmer and Overbey v. Commonwealth, 271 Va. 231, 623 S.E.2d 904, (2006), do not compel a different result in the case now before us. Although all three cases have factual differences, the cases are similar in that each lacked proof beyond a reasonable doubt of the fact or nature of conviction. We explained in Palmer that

> [a] court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted. Thus, when the Commonwealth seeks to prove a prior conviction as an element of a crime by presenting an order entered in that prior case, the order must show that a judgment of conviction was entered in adjudication of the charge.

269 Va. at 207, 609 S.E.2d at 310. Because the fact finder in the instant case was required to "engage in conjecture or surmise" to conclude that Preston previously had been adjudicated delinquent of an act that would be a violent felony if committed by an adult, the evidence was insufficient as a matter of law to sustain his conviction.

However, as the Commonwealth notes, Preston does not dispute that he was previously convicted of a non-violent

8

felony.  In addition to the juvenile and domestic relations district court records, the Commonwealth introduced an order showing Preston's prior conviction for grand larceny, a felony. See Code §§ 18.2-8 and -95.  In Waller v. Commonwealth, 278 Va. 731, 738, 685 S.E.2d 48, 51 (2009), the Court held that "Code § 18.2-308.2(A), under which [Preston] was indicted, covers both an offense committed by a person previously convicted of a violent felony and an offense committed by a person previously convicted of 'any other felony.' "  Although the evidence was insufficient to prove that Preston previously had been adjudicated delinquent of an act that would be a violent felony if committed by an adult, the evidence was, nevertheless, sufficient to convict Preston of the lesser offense of possessing a firearm after having been adjudicated delinquent of an act that would be a non-violent felony if committed by an adult.  See id. at 737-38, 685 S.E.2d at 51.

CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals and vacate Preston's conviction for possession of a firearm after having been adjudicated delinquent of an act that would be a violent felony if committed by an adult.  We will remand the case to the Court of Appeals with directions that it remand the case to the circuit court for a new sentencing hearing on the lesser offense of possession of a

firearm after having been adjudicated delinquent of an act that would be a non-violent felony if committed by an adult.[5]  See id. at 738, 685 S.E.2d at 51; Code § 19.2-285.

Reversed, vacated and remanded.

---

[5] This disposition is the relief requested by Preston.  In light of our holding, we do not need to address Preston's other assignment of error.