COURT OF APPEALS OF VIRGINIA


Present:    Judges Petty, Beales and Huff
Argued at Richmond, Virginia


EDWARD LEONARD CHRISTIAN, JR.
                                                         OPINION BY
v.        Record No. 0231-11-2                   JUDGE RANDOLPH A. BEALES
                                                      FEBRUARY 14, 2012
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Bradley B. Cavedo, Judge[1]

             Catherine French Supervising Assistant Public Defender (Office of
             the Public Defender, on brief), for appellant.

             Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
             Cuccinelli, II, Attorney General, on brief), for appellee.


        Edward Leonard Christian, Jr. (appellant), was tried by a judge of the Circuit Court of the

City of Richmond and found guilty of possession of a controlled substance in violation of Code

§ 18.2-250(A)(a).[2]  On appeal, appellant argues that the evidence was insufficient to prove

beyond a reasonable doubt that he had the requisite guilty knowledge of the cocaine for which he

was charged with possession.  We disagree.  For the following reasons, we affirm his conviction.

---

[1] The Honorable John C. Morrison, Jr., Judge-Designate, presided at the bench trial.
Judge Cavedo presided at the sentencing hearing and entered the final order.

[2] Code § 18.2-250(A)(a) reads in relevant part:  "It is unlawful for any person knowingly
or intentionally to possess a controlled substance . . . Any person who violates this section with
respect to any controlled substance classified in Schedule I or II of the Drug Control Act shall be
guilty of a Class 5 felony."

I.  BACKGROUND

On appeal, we consider "the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the trial court.  Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004).  On June 1, 2010 at about 4:00 p.m., City of Richmond police officer Jon Bridges observed appellant sitting with three other persons on a retaining wall at a city park.  The police had ongoing problems with crime in the park, which was known to the police as an area where narcotics and alcohol offenses commonly occurred.  Officer Bridges saw a beer can in a plastic bag near the defendant.  Officer Bridges approached the group and asked them for identification.  Appellant told Officer Bridges that his name was "Keith Christian" (even though his name is Edward Christian) and gave him a social security number.  Another officer then checked the information and told Officer Bridges that an outstanding warrant was on file for "Keith Christian."  Accordingly, Officer Bridges arrested appellant, who had given the name "Keith Christian."

During a search incident to arrest, Officer Bridges recovered from appellant's front pants pocket "a prescription pill" wrapped in tinfoil.[3]  He also found "an off-white rock" individually wrapped in a knotted baggie corner inside a clear plastic bag that was inside a white opaque plastic bag.  Officer Bridges believed the substance was crack cocaine.  Laboratory analysis confirmed it was 0.062 gram of cocaine.

After Officer Bridges advised appellant of his Miranda[4] rights, appellant told him that "Keith Christian" – the name he gave Officer Bridges as his own – was actually his brother's name.  Appellant explained that he used his brother's name because he thought there might be an outstanding warrant for arrest for himself, which in fact there was.  Officer Bridges testified that

---

[3] Appellant was not charged with illegally possessing the pill.

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

appellant told him that he "found the crack cocaine on the ground" and that appellant acknowledged that he "thought it was drugs, but he thought he might be able to get four or five dollars for it."

Appellant argued in his motion to strike that the Commonwealth had not proved that he knowingly possessed the cocaine and was aware of its nature and character. The trial court denied the motion. Appellant presented no evidence and renewed his motion to strike. The trial court found him guilty as charged under Code § 18.2-250(A)(a).

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). A trial court's judgment will not be disturbed on appeal unless it is "plainly wrong or without evidence to support it." Code § 8.01-680; Preston v. Commonwealth, 281 Va. 52, 57, 704 S.E.2d 127, 129 (2011).

Code § 18.2-250(A)(a) reads in relevant part: "It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . Any person who violates this section with respect to any controlled substance classified in Schedule I or II of the Drug Control Act shall be guilty of a Class 5 felony." To sustain a conviction for possession of a controlled substance,

"[t]he Commonwealth must also establish that the defendant intentionally and consciously possessed [the drug] *with knowledge of its nature and character*. That knowledge is an essential element of the crime." Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (citations omitted) (emphasis in original). In other words, "the Commonwealth must prove the accused was aware of the character of the particular substance at issue." Smith v. Commonwealth, 16 Va. App. 626, 627-28, 432 S.E.2d 1, 2 (1993).

> A. Appellant had "knowledge" of the "nature and character" of the cocaine as required under *Young v. Commonwealth* as Officer Bridges testified that appellant "acknowledged that he thought it was drugs, but he thought he might be able to get four or five dollars for it."

Appellant argues that the Commonwealth's evidence was insufficient to prove that he knew he possessed the cocaine that was found in his pants pocket, as is required under Young, 275 Va. at 591, 659 S.E.2d at 310. Specifically, appellant argues that although he thought the bag contained drugs, his hope or suspicion does not prove that he *knew* the bag contained cocaine. Appellant cites two unpublished opinions from this Court in support of his contention that mere hope that the item is a drug does not rise to the required level of knowledge under Code § 18.2-250(A)(a) and Young. See Whitehead v. Commonwealth, Record No. 0908-93-1, 1995 Va. App. LEXIS 191 (Va. Ct. App. Feb. 28, 1995). See also Gaither v. Commonwealth, Record No. 0610-96-2, 1997 Va. App. LEXIS 424 (Va. Ct. App. June 24, 1997); Rule 5A:1(f) (stating that unpublished opinions can be "informative, but shall not be received as binding authority").

It is well settled that "unpublished opinions are merely persuasive authority and not binding precedent." Baker v. Commonwealth, 59 Va. App. 146, 153 n.3, 717 S.E.2d 442, 445 n.3 (2011); see also Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987). This Court's unpublished decisions in Whitehead and Gaither are simply not persuasive here, given the very different circumstances.

In Whitehead a police officer "saw Whitehead toss a small [pill] bottle in the air, place it on a church windowsill, and abandon it." Whitehead, 1995 Va. App. LEXIS 191, at *2. Whitehead said he thought the bottle might contain cocaine, but when he determined that it did not, he discarded it. The bottle contained cocaine residue, however. This Court held the evidence was not sufficient to prove Whitehead knowingly and intentionally possessed cocaine because his "*promptly discard[ing]*" the bottle supported the conclusion that he did not know it held cocaine. Id. (emphasis added).

Here, even if appellant "found the crack cocaine on the ground," as he claimed to Officer Bridges, he kept it in his pants pocket because he "thought it was drugs" he could sell. Unlike in Whitehead, appellant here attached value to the item and did not discard it. The fact that appellant attached value to the item and did not discard it reinforces the conclusion that appellant knew the "nature and character" of the cocaine. Young, 275 Va. at 591, 659 S.E.2d at 310.

Similarly, Gaither also involved very different facts than the facts of this case. Gaither, 1997 Va. App. LEXIS 424. There, Gaither claimed a package, which was addressed to him, at a local bus station and then gave the package to a man outside the station. The package contained men's clothing and 71 grams of cocaine. After he was arrested and given Miranda warnings, Gaither told the police he had picked up two previous packages before he "suspected" drugs might be inside, but there was no evidence he had opened any of the three packages. Id. at *3. This Court reversed Gaither's convictions for conspiracy to distribute cocaine and attempted possession of cocaine with intent to distribute, holding that the evidence did not prove beyond a reasonable doubt that he was aware of the presence and character of the cocaine and "intentionally and consciously" possessed it. Id. at *6-7.

In this case, even though the evidence does not indicate definitively whether appellant actually opened the bag, it clearly shows that appellant intended to profit from finding the

cocaine. In fact, appellant specifically told Officer Bridges that he "thought it was drugs" and that he thought he "might be able to get four or five dollars" for it. These circumstances were not part of the evidence before this Court in Gaither.

Furthermore, no part of the Supreme Court's decision in Young would compel reversal here. At oral argument before this Court, counsel for appellant argued that the holding in Young means that a person cannot be convicted of possession of a drug when that person is found possessing a drug that most people could look at and determine to be contraband – unless there is additional evidence of knowledge. However, this interpretation is inconsistent with the Supreme Court's actual holding in Young.

The facts of Young were that the defendant, Angela Young, was pulled over "for failing to stop at an intersection," and consented to a search of her boyfriend's car, which she was driving. 275 Va. at 589, 659 S.E.2d at 309. The officer arrested Young upon finding a prescription bottle labeled "OxyContin" (a controlled drug) in her purse inside of the car. Id. However, the arresting officer "could not determine the nature of the pills" – beyond what was printed on the bottle's label. Id. The pills inside the prescription bottle were not found to be OxyContin (or its generic equivalent, oxycodone), but instead were later "identified as morphine, a Schedule II substance" and "Trazodone, a Schedule VI substance."[5] Id.

The Supreme Court's express holding in Young was that "possession alone, *without more*, is insufficient to support an inference of guilty knowledge." Id. at 592, 659 S.E.2d at 310 (emphasis added). The Supreme Court in Young *did not* hold that possession of drugs – *when the nature of the illegal substance is apparent* – is insufficient to support an inference of guilty

---

[5] The prescription bottle was labeled with the name Stephanie Woody, who is the niece of Young's boyfriend. Id, at 589, 659 S.E.2d at 309. Woody testified at trial that the pills belonged to her and that she "inadvertently left them in her uncle's car . . . and that the defendant had called her, telling her that she had them." Woody had prescriptions for the pills, which "she said she took for chronic migraine headaches." Id. at 590, 659 S.E.2d at 309.

knowledge. On the contrary, the Supreme Court reemphasized that to sustain a conviction for possession of a controlled substance, "[t]he Commonwealth must . . . establish that the defendant intentionally and consciously possessed [the drug] *with knowledge of its nature and character.* That knowledge is an essential element of the crime." Id. at 591, 659 S.E.2d at 310.

Given these principles, the Supreme Court in Young found that where the illegal nature of the substance the defendant was found possessing was *not identifiable* to the officer or defendant and no other evidence in the record could support an inference of guilty knowledge, there was insufficient evidence "to support a finding, beyond a reasonable doubt, that the defendant possessed morphine with knowledge of its nature and character." Id. at 592-93, 659 S.E.2d at 311. When the illegal nature of the substance is apparent – as it is here – that circumstance supports a finding of the defendant's guilty knowledge of the contraband he possesses. The facts of this case simply do not fall within the scope of the Supreme Court's holding in Young, and, therefore, the result in Young is not controlling here, given those very different facts of this case.

In making its ruling in Young, the Supreme Court emphasized that "the contents of the pill bottle . . . gave no indication of their character" and that the officer, "after examining the pills, could not determine their nature without submitting them for laboratory analysis, and there is no reason to infer that the defendant was any better informed." Id. at 592, 659 S.E.2d at 311. Unlike in Young, the contents of the bag here gave an indication of their character because after examining the bag, Officer Bridges found "an off-white rock" individually wrapped in a knotted baggie corner inside a clear plastic bag that was inside a white opaque plastic bag. This examination led Officer Bridges to determine the nature of the substance, which he believed to be crack cocaine. Upon this determination, Officer Bridges arrested appellant for possession of cocaine, and laboratory analysis ultimately confirmed that his determination was correct (the bag

- 7 -

contained 0.062 gram of cocaine). Moreover, appellant here admitted to Officer Bridges that he "thought it was drugs" and that he "thought he might be able to get four or five dollars for it" – clearly showing that appellant was aware of the nature of the substance, unlike in Young. When the strong evidence in this case indicating not just appellant's possession but also his knowledge of the nature and character of the contraband is compared with the insufficient evidence in Young, it is obvious that the trial court here was not "plainly wrong[,]" Preston, 281 Va. at 57, 704 S.E.2d at 129, when it found that appellant had the requisite knowledge that he possessed cocaine.

B. There is sufficient evidence that supports the trial court's finding that appellant had the requisite knowledge of the cocaine.

In support of his argument that there was insufficient evidence of his knowledge of the cocaine, appellant emphasizes the following facts: Officer Bridges testified that the outermost bag was opaque and white – rather than clear, and that Officer Bridges testified that he was unable to see through the white bag. Appellant also points out that cocaine does not have a distinctive odor, which would have alerted appellant as to its nature. However, the trial court (acting as factfinder) clearly found that these facts were substantially outweighed by several other compelling pieces of evidence, which clearly prove that appellant had the requisite knowledge of the cocaine beyond a reasonable doubt.

"A defendant's knowledge of the presence and character of a drug may be shown by evidence of the acts, statements, or conduct of the accused, as well as by 'other facts or circumstances' tending to demonstrate the accused's guilty knowledge of the drug." Ervin v. Commonwealth, 57 Va. App. 495, 506-07, 704 S.E.2d 135, 140-41 (2011) (*en banc*) (citations omitted). Here, a number of "acts, statements, or conduct of the accused" reveal appellant's "knowledge of the presence and character" of the cocaine. Id.

When Officer Bridges asked appellant for his identification, appellant gave his brother's name, "Keith Christian" – instead of his own (Edward Christian). In addition, the trial judge, sitting as the factfinder without a jury, could have determined that appellant was untruthful when he told Officer Bridges that he "found the crack cocaine on the ground." The judge then could infer appellant's consciousness of guilt from his two false statements – about his identification and about finding the "crack cocaine on the ground." See Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) ("A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt."); see also Emmett v. Commonwealth, 264 Va. 364, 372, 569 S.E.2d 39, 45 (2002).

Furthermore, after Officer Bridges observed appellant in a city park, which is known to police as one where narcotics and alcohol offenses occur, and searched him incident to a lawful arrest, appellant admitted to Officer Bridges that he "thought it was drugs" and that he "thought he might be able to get four or five dollars for it." Upon hearing all of this testimony, the trial judge could have reasonably inferred that appellant knowingly possessed the cocaine and did not err in rejecting appellant's hypothesis of innocence. See Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) ("Whether an alternate hypothesis of innocence is reasonable is a question of fact, and, therefore, is binding on appeal unless plainly wrong." (citation omitted)).

In summary, the trial court was not "plainly wrong," Preston, 281 Va. at 57, 704 S.E.2d at 129, when it found that appellant had the requisite knowledge of the cocaine he possessed, Code § 18.2-250(A)(a), because a "'rational trier of fact could have found th[is] essential [element] of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). Specifically, a rational trier of fact could have found that the evidence sufficiently proves that appellant "possessed [the cocaine]

*with knowledge of its nature and character*." <u>Young</u>, 275 Va. at 591, 659 S.E.2d at 310 (emphasis in orginal).

### III. CONCLUSION

In this case, ample evidence supports the trial court's finding that appellant is guilty beyond a reasonable doubt of possession of a controlled substance in violation of Code § 18.2-250(A)(a). Accordingly, for the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>