COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Petty and Beales
Argued at Chesapeake, Virginia


QUAVADIS V. HYMAN

MEMORANDUM OPINION[*] BY
v.      Record No. 1275-11-1                          JUDGE RANDOLPH A. BEALES
                                                              MAY 8, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Louis A. Sherman, Judge

Daymen W. X. Robinson (Law Office of Daymen W. X. Robinson,
on brief), for appellant.

Erin M. Kulpa, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Quavadis V. Hyman (appellant) was convicted by the trial court of misdemeanor

destruction of property in violation of Code § 18.2-137(B). On appeal, appellant argues that the

trial court erred in finding sufficient evidence that he broke Officer B.T. Frantz's watch and that

he had the specific intent to break the watch. For the following reasons, we reverse and remand.

I. BACKGROUND

On June 24, 2010, Officer Frantz of the Norfolk Police Department encountered appellant

after appellant had been arrested on unrelated charges. While in the booking office, Officer

Frantz observed appellant clutching his hands near his face and then making a motion as if he

were swallowing some object. Believing appellant had swallowed contraband or other foreign or

dangerous objects, one of the officers ordered appellant to open his mouth for it to be examined.

Officer Frantz grabbed appellant's left wrist and forearm. Two other officers assisted Officer

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Frantz, grabbing appellant's right arm. The three officers tried to bring appellant to the ground and to place him in handcuffs. Officer Frantz testified that appellant resisted these attempts, "pulling and yanking trying to free himself from the grasps of the officers." Officer Frantz also testified that appellant "began to clutch" his arms and those of the other officers. However, Officer Frantz testified that appellant did not attempt to strike, punch, or kick any of the officers. Officer Frantz further testified that appellant made no statements during the incident.

The officers ultimately brought appellant to the ground and placed him in handcuffs. At that time, Officer Frantz saw his watch, valued between $15 and $20, lying on the ground. The band of the watch was broken. Officer Frantz did not see the watch break during the incident.

Appellant moved to strike the evidence, arguing that Code § 18.2-137(B)[1] required the Commonwealth to prove that he had the specific intent to destroy or damage the property. Appellant maintained that the Commonwealth had failed to meet its burden to show that he had such intent, or even to prove that he was the person who broke the watch. The trial court denied appellant's motion to strike.

Appellant testified in his own defense, claiming that he did not intentionally cause Officer Frantz's watch to break and that he "did not know how it happened."

Appellant renewed his motion to strike, advancing the same arguments as in his original motion to strike. The trial court denied the motion to strike and found appellant guilty.

---

[1] It is clear based on the charging document (the arrest warrant) that appellant was charged under subsection (B) of the statute, which requires the Commonwealth to prove he *intentionally* destroyed, damaged, defaced, or removed the officer's property. The Commonwealth did not allege that appellant's actions were merely unlawful, such that trial would have proceeded under subsection (A) of the statute.

II.  ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).  See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).  A trial court's judgment will not be disturbed on appeal unless it is "plainly wrong or without evidence to support it."  Code § 8.01-680; Preston v. Commonwealth, 281 Va. 52, 57, 704 S.E.2d 127, 129 (2011).

Code § 18.2-137(B) reads in relevant part:  "If any person *intentionally* causes such injury, he shall be guilty of . . . a Class 1 misdemeanor if the value of or damage to the property, memorial or monument is less than $1,000."  (Emphasis added).  The phrase "such injury" refers to the unlawful destruction, defacing, damage or removal of such property, without the intent to steal, any "property, real or personal, not his own" described in paragraph A of Code § 18.2-137.  See Code § 18.2-137(A).

This Court in Scott v. Commonwealth, 58 Va. App. 35, 49-50, 707 S.E.2d 17, 25 (2011), explained that Code § 18.2-137(B) requires the heightened *mens rea* of specific intent:

> Code § 18.2-137(B) attaches criminal liability when a person performs a volitional act that damages the property of another and the person *specifically intends* to cause damage to the property by that act. . . .  Code § 18.2-137(B) does not criminalize the mere

performance of a volitional act conducted in a criminally negligent manner that happens to damage the property of another.

Id. (emphasis added).

Under Scott, two elements are required for conviction pursuant to Code § 18.2-137(B): "a volitional act that damages the property of another *and* [that] the person specifically intends to cause damage to the property by that act." Id. at 49, 707 S.E.2d at 25 (emphasis in the original).[2]

Here, the trial court was plainly wrong in finding that appellant had the specific intent to break Officer Frantz's watch because the evidence in the record on appeal does not support this finding by the trial court. See Code § 8.01-680. Viewing the evidence in the light most favorable to the Commonwealth, as the prevailing party below, the record shows that appellant resisted Officer Frantz's attempt to restrain and handcuff him by pulling and yanking, trying to free himself from the grasps of the officers – and that appellant clutched the arms of Officer Frantz and the other officers. However, the record is devoid of any actions or statements by appellant before, during, or after the incident from which the trial court could have inferred appellant's *specific intent* to damage Officer Frantz's watch. See Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998) ("'Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it.'" (quoting Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954))).

"The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven." Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995). However, a specific intent to break Officer Frantz's watch

---

[2] While in Scott, unlike here, the trial court found the defendant had acted unintentionally (but with criminal negligence) when he struck several people and cars while driving his vehicle (and this Court reversed the defendant's conviction under Code § 18.2-137(B), id. at 53-54, 707 S.E.2d at 26-27), Scott remains controlling here regarding the specific intent requirement of Code § 18.2-137(B).

does not "flow naturally" from appellant's efforts to resist the officers and to free himself from restraint. Here, Officer Frantz testified that appellant "did not attempt to strike, punch, or kick any of the officers involved." While a factfinder "may infer that a 'person intends the natural and probable consequences of his or her acts,'" Johnson v. Commonwealth, 53 Va. App. 79, 100, 669 S.E.2d 368, 378 (2008) (quoting Velasquez v. Commonwealth, 276 Va. 326, 330, 661 S.E.2d 454, 456 (2008)), the damage to Officer Frantz's watch was not a natural and probable consequence of appellant's resistance.

Here, it is unreasonable to leap from the underlying fact proven that appellant resisted the officers to the inference that his resistance was specifically intended to damage Officer Frantz's watch. If we were to conclude that this was a reasonable inference in this case, then any altercation that resulted in any damage to any property would constitute the specific intent crime of destruction of property under Code § 18.2-137(B). We do not find that conclusion reasonable or consistent with the law.

However, the trial court was not plainly wrong in finding that appellant caused Officer Frantz's watch to break. Viewing the evidence in the light most favorable to the Commonwealth, as the prevailing party below, a rational factfinder could infer that appellant's resistance to the officers' efforts to bring him to the ground and place him in handcuffs was a proximate cause of Officer Frantz's watch breaking. See Brown v. Commonwealth, 278 Va. 523, 529, 685 S.E.2d 43, 46 (2009) ("A proximate cause is 'an act or omission that, in natural and continuous sequence unbroken by a superseding cause, produces a particular event and without which that event would not have occurred.'" (quoting Williams v. Joynes, 278 Va. 57, 62, 677 S.E.2d 261, 264 (2009))).

Although the statement of facts is quite sparse, it indicates that appellant resisted the officers by "pulling and yanking trying to free himself from the grasps of the officers" and

appellant "began to clutch" Officer Frantz's arm during the struggle. After the officers ultimately brought appellant to the ground and placed him in handcuffs, Officer Frantz observed that his watch was lying on the ground with his watchband broken.

The rational factfinder standard used in sufficiency of the evidence appeals recognizes that a factfinder may "draw reasonable inferences from basic facts to ultimate facts." Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004) (citations omitted). Here, the basic facts are that Officer Frantz's watch was intact prior to the struggle with appellant and that the officer's watch was broken and lying on the ground after the struggle with appellant. From these two basic facts, a rational factfinder could reasonably infer the ultimate fact that, without such resistance by appellant, the damage to Officer Frantz's watch would not have occurred. See Brown, 278 Va. at 529, 685 S.E.2d at 46. Thus, a rational factfinder could conclude that appellant caused Officer Frantz's watch to break. However, we express no opinion as to whether appellant's conduct was culpable under Code § 18.2-137(A)[3] – which does not require the specific intent to damage or destroy another person's property – because this question is not before us on appeal.

## III. CONCLUSION

Therefore, although sufficient evidence supported the trial court's finding that appellant caused Officer Frantz's watch to break, the trial court erred in finding appellant guilty under Code § 18.2-137(B), which required specific intent by appellant to break the watch. Accordingly, we

---

[3] Under Code § 18.2-137(A), "criminal liability [attaches] 'when property is damaged or destroyed during the commission of an unlawful act, which includes the performance of a lawful act in a criminally negligent manner.'" Scott, 58 Va. App. at 52, 707 S.E.2d at 26 (quoting Crowder v. Commonwealth, 16 Va. App. 382, 385, 429 S.E.2d 893, 894, aff'd en banc, 17 Va. App. 202, 436 S.E.2d 192 (1993)).

- 6 -

reverse appellant's conviction under Code § 18.2-137(B) and remand to the circuit court for a new trial under Code § 18.2-137(A),[4] if the Commonwealth is so inclined.

Reversed and remanded.

---

[4] See Scott, 58 Va. App. at 39, 707 S.E.2d at 19 (reversing a conviction for felony property damage under Code § 18.2-137(B) and "remand[ing] for re-sentencing on the lesser-included offense set forth in Code § 18.2-137(A)"). We do not remand the matter solely for resentencing under Code § 18.2-137(A) because, unlike in Scott, appellant here did not consent to be resentenced under Code § 18.2-137(A). See Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 766-67 (2008) ("We will remand the case to the Court of Appeals with direction that the case be remanded to the circuit court for a new trial on a charge of petit larceny if the Commonwealth be so advised. We do not remand solely for imposition of a new sentence on the lesser offense as we did in Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006), because here, unlike in South, both parties have not consented to that relief.").