COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Richmond, Virginia

TY'QUAWNE NIHEEM ALSTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0963-14-2                JUDGE JEAN HARRISON CLEMENTS
                                                        JUNE 30, 2015

COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Bradley B. Cavedo, Judge

        Dorian Dalton, Senior Assistant Public Defender, for appellant.

        Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Appellant was convicted of statutory burglary in violation of Code § 18.2-91[1] and abduction

in violation of Code § 18.2-47.  On appeal, he contends the evidence was insufficient to support his

statutory burglary conviction because it failed to prove he intended to commit larceny, assault and

battery, or any other requisite felony at the time he entered the victim's residence.[2]  We disagree and

affirm.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] That section provides in pertinent part as follows:

                If any person commits any of the acts mentioned in § 18.2-90 with
                intent to commit larceny, or any felony other than murder, rape,
                robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80,
                or if any person commits any of the acts mentioned in § 18.2-89 or
                § 18.2-90 with intent to commit assault and battery, he shall be
                guilty of statutory burglary . . . .

        [2] The indictment charged appellant

                did feloniously and unlawfully break and enter in the daytime the
                dwelling of Leah Ray, with the intent to commit larceny, assault

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Wood v. Commonwealth, 57 Va. App. 286, 296, 701 S.E.2d 810, 815 (2010) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). On August 16, 2013, Leah Ray was walking her dog at approximately 5:00 p.m. in the alley near her house when she heard her neighbors say, "Get in the house. Get in the house." Ray "knew something was going on," and "tried to rush into [her] house." She saw appellant running past her neighbor's house toward her house. When appellant reached Ray's house, Ray was "at the beginning of [her] clothesline." She tried to "rush into the house" as she saw appellant heading toward her back door, but he ran inside before she could get there. Ray noted her screen door was shut, but her back door was slightly ajar.

Ray left her dog outside and followed appellant into her house. When she entered, appellant was standing in the living room. Ray repeatedly "screamed" at him to "get out [of] [her] house." Appellant attempted to silence her, stating, "Shh," but Ray continued to yell. Within "two seconds" of Ray entering the house, appellant "punched" her in the jaw with his fist, knocking her to the ground.

---

and battery or any felony other than murder, rape, robbery, or
arson in violation of §§ 18.2-90; 18.2-91 of the Code of Virginia
(1950) as amended.

When Ray stood up and fought back, appellant grabbed her around the mouth and restrained her. He told her, "Oh, you're a fighter. I'm going to kill you, B." He dragged her further into the living room and up the steps. He stated, "We're going up these steps, B. I'm going to kill you." Ray, so frightened she urinated on herself, begged appellant to let her go and told him she had children to raise.

Instead, appellant began dragging Ray up the steps and instructed her to be quiet. Ray clutched the railing because she feared appellant would kill her once they were upstairs. As appellant pulled her to the second step, Ray heard a police officer at her back door yelling, "Richmond City Police. Come on out. Who's in there? Come on out." Appellant released Ray and ran out the front door. He was arrested later.

Following his arrest, appellant told Detective Russell he entered the apartment because "he knew the lady who lived inside as a Miss Deborah or a Miss Brenda" and had "babysat her children two years ago . . . ." After he entered through the closed screen door, "the lady inside started screaming." Appellant maintained the woman "threw things at him." He denied knowing "how her face became bloody." He acknowledged he did not leave the house until he heard the police at the door.

Ray's home was in the Richmond Redevelopment Housing project. At trial, she noted that homes in that area resembled each other from the outside. Russell and Trooper Walsh were near Ray's neighborhood when they saw appellant jump from a moving vehicle with the engine still running. Walsh chased appellant on foot while Russell remained with appellant's vehicle.

Analysis

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)

(quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  Rather, "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]'"  Id. (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).  See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).  A trial court's judgment will not be disturbed on appeal unless it is "plainly wrong or without evidence to support it."  Code § 8.01-680; Preston v. Commonwealth, 281 Va. 52, 57, 704 S.E.2d 127, 129 (2011).

Appellant asserts the evidence failed to prove he intended to assault Ray at the time he entered her home.  Instead, he contends his sole intent in entering her house was to elude the police; he maintains he formed the intent to assault her only after she continued screaming at him to leave.  We disagree.

"When an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citing Tompkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971)).  The state of mind of an accused may be shown by his acts and conduct.  Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974); Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968).

"The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven."  Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995).  Thus, to ascertain specific intent, the fact finder must consider the "surrounding facts and circumstances" before, during, and after the break-in.  Scott v. Commonwealth, 228 Va. 519, 524, 323 S.E.2d 572, 575 (1984).  See also Robertson v. Commonwealth, 31 Va. App. 814, 822, 525 S.E.2d 640, 644 (2000).

Here, the facts and circumstances provided a rational basis for the trial court to conclude that appellant's general unlawful purpose included the specific purpose of assault and battery at the time he entered Ray's home. That appellant may have also intended to elude the police at the time he entered the house did not preclude the trial court, acting as fact finder, from determining that he intended to commit assault and battery. The Commonwealth was not required to prove one criminal intent was predominate over another or that one was exclusive of the other.

> A person may commit a crime with more than one purpose, and the fact that the act is done with two or more specific objectives does not mean that the Commonwealth has failed to prove the specific intent to commit the charged crime. Thus, when the Commonwealth proves beyond a reasonable doubt that an accused has committed a criminal act with both a primary and a secondary purpose in mind, both or either of which purposes are criminal, the Commonwealth has met its burden of proving the element of specific intent.

Hughes v. Commonwealth, 18 Va. App. 510, 530-31, 446 S.E.2d 451, 463 (1994) (*en banc*) (Coleman, J., concurring).

The evidence supported a rational conclusion that appellant expected the house to be occupied by a woman at the time he entered, and intended to use force against the woman in order to avoid detection by the police. As appellant approached Ray's back door, Ray's neighbors were yelling to her to "get in the house," thereby making her presence known to appellant. Ray raced toward her back door, but appellant entered first. Rather than leaving the house through the front door or concealing himself inside, appellant was waiting in the living room when Ray entered and screamed at appellant to leave. Rather than comply, appellant stated, "Shh," and, within "two seconds" of Ray's entry, he forcefully struck her with his fist and knocked her to the ground. When Ray fought back, appellant did not retreat from the house. Instead, he continued to silence her by force, either by placing his hand over her mouth, or by dragging her upstairs to "kill" her.

Appellant's initial attempt to quiet Ray verbally did not foreclose the conclusion that he possessed the intent to assault her upon entering the home. That is, after all, exactly what he did. Furthermore, in ascertaining appellant's intent, the trial court was entitled to consider his decision to remain on the premises and assault Ray rather than leave or avoid a confrontation.

Finally, some evidence of appellant's intent could be inferred from his statement to Russell following his arrest. In evaluating that statement, the trial court could conclude that appellant was lying when he told the police Ray "threw things" at him and that he did not know how her face became bloody. Upon deciding appellant had lied, the trial court could reasonably infer that he had provided a false account to conceal his guilty state of mind. See Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) ("[A] fact-finder, having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt.").

"Whether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt." Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986). Here, appellant's actions, combined with his statements to the police, and the circumstances surrounding his entry into Ray's home, were sufficient for a rational fact finder to conclude he intended to commit assault and battery at the time of entry.[3] Accordingly, the evidence was sufficient to support his conviction.

Affirmed.

---

[3] We agree with appellant that his intent to elude police was insufficient to supply the requisite felonious intent under Code § 18.2-91 because eluding the police is a felony only if it is committed through the use of an automobile. See Code § 46.2-817. Here, appellant was attempting to elude the police on foot.