## Richmond

Edgar W. Hunter, Jr. v. Commonwealth of Virginia.

January 15, 1973.

Record No. 8048.

Present, All the Justices.

*James S. Insley*, for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Poff, J., delivered the opinion of the court.

Edgar W. Hunter, Jr., appeals from a judgment order entered against him on November 22, 1971, upon the verdict of the trial court sitting without a jury finding him guilty under former Code § 54-524.101(a) of possession of heroin with intent to distribute and sentencing him to four years' imprisonment.

Armed with a search warrant, a vice squad raiding party stationed itself at the front and back doors of an apartment in Newport News. When the officers knocked on the door, they saw through a window several people milling or "scrambling" about inside. Entering forcibly, they saw Hunter, a guest in the apartment, throw a piece of white

paper on the floor near the stove. When they approached him, Hunter backed up, reached into his right jacket pocket, extended his arm to his side and dropped a Coricidin bottle to the floor. The piece of paper contained a syringe, a needle, and a needle cover. Nearby on the floor was a bottle cap containing an opium derivative residue and a piece of cotton wet with blood. The Coricidin bottle held 71 capsules of white powder later analyzed qualitatively as containing heroin. There was no evidence concerning a quantitative analysis.

Hunter was charged with possession with intent to distribute. The other eight occupants of the apartment were charged with possession. Hunter challenges the constitutionality of Code § 54-524.101[1] and urges that, absent the presumption it provides, the evidence was insufficient to support a finding of intent to distribute.

In *Sharp* v. *Commonwealth*, 213 Va. 269, 192 S.E.2d 217 (1972) we held that the subsidiary provision of Code § 54-524.101(a) which provides that "a conviction for a violation ... may be based solely upon evidence as to the quantity of any controlled drug or drugs unlawfully possessed" was unconstitutional but that the substantive offense defined by Code § 54-524.101(a) was untainted thereby.

*Sharp* did not hold that quantity cannot be considered as an element of proof of intent to distribute. Intent necessarily must be proved by circumstances. Quantity, when considered in context with other circumstances, is a circumstance which may have significant probative value. *See United States* v. *Childs*, 463 F.2d 390 (4th Cir., 1972). Indeed, quantity, when greater than the supply ordinarily possessed by a narcotics user for his personal use, is a circumstance which, standing alone, may be sufficient to support a finding of intent to distribute.

The question here is whether the evidence taken as a whole and viewed in the light most favorable to the Commonwealth proves circumstances sufficient to support beyond a reasonable doubt a finding of possession with intent to distribute.

We hold that it does.

The circumstance of quantity was only one of the circumstances considered by the trial court.

The heroin was packaged in distributable form.

Hunter, a non-resident of the apartment, was found in exclusive possession of the narcotics and the narcotic paraphernalia, all of which he tried to discard.

---

[1] The 1972 General Assembly repealed § 54-524.101 and in lieu thereof enacted § 54.524.101:1.

The manner of possession indicated ownership; the Coricidin bottle was in Hunter's jacket pocket.

While possession and ownership may imply intent to use rather than intent to distribute, the record is silent as to whether Hunter was a user while the record speaks loudly that one or more of his companions had recently injected a capsule of heroin taken from the only supply source found in the apartment.

Hunter argues that the Commonwealth's evidence warrants an hypothesis that he was not the owner-distributor but only the hapless victim who came into momentary possession of the bottle and syringe just before the knock on the door.

The trial court was justified in rejecting that hypothesis. The owner of a bottle of 71 capsules of heroin does not yield physical control over the full bottle, allow it to pass from hand to hand around the room as he would a pack of cigarettes and permit one of the guests to put the bottle in his pocket.

Considered together, all of the circumstances disclosed by the evidence and the reasonable inferences they raise fully support the trial court's finding, and the judgment is affirmed.

*Affirmed.*