COURT OF APPEALS OF VIRGINIA


Before:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


RONNIE LEE BANKS

MEMORANDUM OPINION*

v.          Record No. 2219-96-1          BY JUDGE JOSEPH E. BAKER
SEPTEMBER 23, 1997

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Kelly L. Daniels (Andrew A. Protogyrou;
Knight, Dudley, Clarke & Dolph, P.L.C., on
brief), for appellant.

Leah A. Darron, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
H. Elizabeth Shaffer, Assistant Attorney
General; Monica S. McElyea, Assistant
Attorney General, on brief), for appellee.


The sole issue presented by this appeal is whether there is

sufficient evidence to support Ronnie Lee Banks' (appellant) jury

trial conviction, approved by the Circuit Court of the City of

Norfolk (trial court), for possession of heroin with intent to

distribute in violation of Code § 18.2-248.  Appellant does not

contest the sufficiency of the evidence to prove he unlawfully

possessed heroin.  Finding no error, we affirm the judgment of

the trial court.

Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all inferences

fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va.

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

App. 438, 443, 358 S.E.2d 415, 418 (1987). Viewed accordingly, the record discloses that on December 14, 1995, Norfolk Police Officers D. B. Huffman and C. R. Amos were patrolling the Grandy Village section of Norfolk. They observed four men nearby, standing in a semi-circle, one of whom was appellant who was dressed entirely in brown clothing. As the officers neared the men, one of them looked toward the officers and spoke to the others standing with him.

Appellant immediately threw a box to the ground with his right hand and quickly walked away with another individual. As the officers exited their vehicle, appellant and his companion began to run and entered a residence at 2929 Kimball Terrace through the back door. Huffman recovered the box and discovered it contained heroin in eighteen individual glassine baggies.

Huffman and Amos then proceeded to the residence,[1] where Huffman identified appellant, who was dressed in brown, as the person who had thrown the box. Huffman and Amos apprehended appellant and placed him in custody on suspicion of possession with intent to distribute heroin.

John J. Monaghan, Jr., a vice and narcotics investigator for the Norfolk Police Department, testified that he had been a narcotics investigator for twenty-one years, had conducted investigations of both heroin users and sellers, and had made

---

[1]This was not appellant's residence. Appellant's residence was in Virginia Beach.

arrests of between two hundred and three hundred heroin users and an equal number of heroin sellers. Without objection, he testified that, "[n]ormally, users would buy one or two packets to take back to their residence or to a shooting gallery, cook it up and inject it." He described a shooting gallery as a place where one could pay several dollars to the owner or the renter of the premises to "cook up [the] drugs" and inject them into one's arm. The total value of the heroin in this case was between $180 and $200, each bag recovered being worth $10 to $12. The actual price usually depended upon the quality and the dealer. Monaghan also testified that, although he had seen users whose drug habits exceeded $100 to $200 a day, users do not buy such a quantity at one time for fear that, if caught, they will be charged with the greater offense of intent to distribute and will lose the supply necessary to their habit.

On his motion to strike the Commonwealth's evidence, counsel for appellant stipulated that the packaging of the heroin in eighteen baggies was inconsistent with personal use. Appellant provided no evidence that he was addicted to heroin or was a casual user.

"Intent necessarily must be proved by circumstances," and "[q]uantity, when greater than the supply ordinarily possessed by a narcotics user for his personal use, is a circumstance which, standing alone, may be sufficient to support a finding of intent to distribute," even where "the record is silent as to whether

3

[the accused] was a user." Hunter v. Commonwealth, 213 Va. 569, 570-71, 193 S.E.2d 779, 780 (1973). In the case before us, substantial evidence disclosed that the quantity and packaging of the drugs held by appellant were inconsistent with personal use, a fact that appellant conceded.

At trial, Monaghan, conceded to be an expert in illegal drug transactions, testified that the quantity of and method of packaging the heroin were inconsistent with personal use, and thereby, inferentially, that they were consistent with distribution. In Gregory v. Commonwealth, 22 Va. App. 100, 468 S.E.2d 117 (1996), where there was no evidence proving the possessor was a user, we held that testimony such as Monaghan gave is sufficient to support a verdict that the defendant possessed the illegal narcotic with intent to distribute. See id. at 110-11, 468 S.E.2d at 122-23.

Although Monaghan testified that in an extreme case a user could possess a similar quantity, he also indicated that users do not buy a quantity to satisfy their daily needs all at once for fear they will lose their supply if found in possession of the quantity found here. Notwithstanding similar testimony in Gregory, we held that such evidence, viewed in the light most favorable to the Commonwealth, is sufficient to support the jury's verdict. Id.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

4