COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


KEITH M. NEALE

                                              MEMORANDUM OPINION[*] BY
v.    Record No. 1822-98-3                JUDGE SAM W. COLEMAN III
                                                SEPTEMBER 28, 1999
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                     Porter R. Graves, Jr., Judge

            R. Darren Bostic (Bostic & Bostic, P.C., on
            brief), for appellant.

            Eugene Murphy, Assistant Attorney General,
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Keith M. Neale was convicted by a jury of possession of more
than one-half ounce and less than five pounds of marijuana with
the intent to distribute in violation of Code § 18.2-248.1(a)(2).
On appeal, Neale contends that the trial court erred by allowing
an expert witness to offer an opinion on an ultimate issue of
fact.  Neale also challenges the sufficiency of the evidence to
support the conviction.  For the reasons that follow, we affirm
the conviction.

                            BACKGROUND

     Officers discovered a brown paper bag of marijuana on the
floorboard of Neale's car.  In the car's trunk, officers found a

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

plastic bag containing marijuana seeds. Inside Neale's residence, officers discovered another package of marijuana seeds.

A certificate of analysis from the Division of Forensic Science confirmed that the paper bag contained 9.59 ounces of marijuana plant material.

Officer Christopher Rush qualified as an expert in drug interdiction and distribution. Rush, who had experience removing stems and seeds from marijuana for purposes of weighing, testified that in his experience removing stems and seeds from marijuana plant material reduced the weight by approximately one third. After inspecting the marijuana in the paper bag that had been seized from Neale, Rush stated that its proportion of stems and seeds relative to other plant material was similar to what he normally observed. Accordingly, he testified that in his opinion the bag which had a gross weight of 9.59 ounces contained more than one-half ounce of marijuana exclusive of seeds and stems. Rush further testified that based on his experience and training, possession of 9.59 ounces of marijuana was inconsistent with personal use. According to Rush, purchases of marijuana for personal use tend to be smaller and in uniform half-ounce or full ounce units. Rush estimated the marijuana's street value to be $1,000. Rush testified that normally marijuana is sold with seeds and stems included. He added that when seeds are separately

packaged, they are usually for cultivating marijuana or for sale to individuals who cultivate marijuana.

## ANALYSIS

Neale argues that Rush's testimony that the marijuana exclusive of seeds and stems weighed over one-half ounce was inadmissible because it is an opinion on an ultimate issue of fact.

Neale makes this argument for the first time on appeal. When the Commonwealth offered Rush's testimony, Neale objected, but not on the ground that the evidence invaded the province of the jury by being an opinion on an ultimate issue of fact. Neale argued instead that Rush was not qualified to offer an opinion as to the weight of the marijuana absent seeds and stems, that the marijuana should have been weighed without the seeds and stems by the Department of Forensic Sciences, and that an expert from the Department of Forensic Sciences should have been present to testify regarding the results. The objection went to the qualifications of the expert to give an opinion, not to the admissibility of the opinion on a fact which the jury had to decide. We decline to address the issue whether the evidence was inadmissible as an opinion on an ultimate issue of fact. See Rule 5A:18. Furthermore, the fact that Neale raised the argument in a post-verdict motion does not preserve the argument for our review. See Boblett v. Commonwealth, 10 Va. App. 640,

650-51, 396 S.E.2d 131, 136-37 (1990) (raising an objection to admissibility of evidence for the first time in a post-trial motion will not preserve the issue for appeal); Harward v. Commonwealth, 5 Va. App. 468, 473, 364 S.E.2d 511, 513 (1988) ("To be timely, an objection to the admissibility of evidence must be made when the occasion arises -- that is, when the evidence is offered, the statement made or the ruling given.").

Neale also argues that the Commonwealth's evidence was insufficient to support the conviction. On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prevailing party and grant to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998). We review the evidence that tends to support the conviction and uphold the conviction, and we will affirm the conviction unless it is plainly wrong or lacks evidentiary support. See id. at 520, 499 S.E.2d at 265.

The evidence, viewed in the light most favorable to the Commonwealth, proved that defendant possessed greater than one-half ounce of marijuana as defined by Code § 54.1-3401[1] and in violation of Code § 18.2-248.1. In Hill v. Commonwealth, 17 Va.

---

[1] Code § 54.1-3401 excludes from the legal definition of marijuana, among other things, mature stalks and sterilized seeds.

App. 480, 485, 438 S.E.2d 296, 299 (1993), we reversed a conviction for violation of Code § 18.2-248.1 where the Commonwealth introduced 2.98 ounces marijuana inclusive of mature stalk, seed, and stem.  The panel determined that any inference that the marijuana, exclusive of sterilized seed or mature stalk exceeded one-half ounce would be pure speculation because the Commonwealth offered no facts to support such an inference.  See id.  Here, however, the Commonwealth offered expert testimony that removal of seeds and stems from marijuana similar to that seized from Neale normally reduces its weight by one third.  Therefore, the fact finder could permissibly infer that the 9.59 ounces of marijuana, exclusive of seeds and mature stalks, exceeded one-half ounce.

Finally, we find the evidence sufficient to prove intent to distribute.  "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence."  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  Proof that the quantity of controlled substance possessed exceeds an amount normally possessed for personal use, without more, can be sufficient to show an intent to distribute.  See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973).  Here, the Commonwealth's expert witness testified that possession of 9.59 ounces of marijuana is possessing an amount inconsistent with personal use.  Moreover, the evidence proved that Neale also

possessed packaged seeds which the expert testified were commonly intended for cultivation or resale for cultivation.  Under these circumstances, the jury could reasonably infer that Neal possessed marijuana with the intent to distribute.  See Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991) (finding possession of 6.88 ounces of marijuana, combined with other circumstantial evidence sufficient to prove intent to distribute.)

Accordingly, the evidence is sufficient to support Neale's conviction for possession of greater than one-half ounce and less than five pounds of marijuana in violation of Code § 18.2-248.1, and we affirm the trial court's judgment.

Affirmed.