COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


MAURICE LAMAR THOROGOOD

MEMORANDUM OPINION[*] BY
v.        Record No. 0232-06-1            JUDGE ROBERT P. FRANK
                                          JANUARY 30, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Mark S. Davis, Judge

S. Jane Chittom, Appellate Defender (Catherine E. P. Haas, Assistant
Appellate Defender; Virginia Indigent Defense Commission, on
brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Maurice Lamar Thorogood, appellant, was convicted, in a bench trial, of possession with the

intent to distribute cocaine, in violation of Code § 18.2-248.  On appeal, appellant does not

challenge that he possessed cocaine.  Rather, he contends the trial court erred in finding the

evidence sufficient to prove his intent to distribute the cocaine.  For the reasons stated, we affirm the

judgment of the trial court.

ANALYSIS

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial

court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without

evidence to support it.'"  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447

(2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2002)).  In practical terms, a reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006).  We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447).  "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).  Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

> "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence."  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  "If evidence of intent is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).  Circumstantial proof of a defendant's intent includes the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia.  Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use.

Shackleford v. Commonwealth, 32 Va. App. 307, 326-27, 528 S.E.2d 123, 133 (2000) (other citations omitted).

In accord with settled standards of appellate review, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below.  Yopp v. Hodges, 43 Va. App. 427, 430, 598 S.E.2d 760, 762 (2004).

Here, Detective R.M. Holley, who qualified as an expert in the use, packaging and distribution of narcotics, opined that possession of three large pieces of crack cocaine, weighing "a little over nineteen grams" is inconsistent with personal use. Holley pointed out that a heavy user, who ingests approximately a half of a gram a day, would consume nineteen grams of cocaine "anywhere from nineteen days to thirty-eight days . . . ." Detective Holley continued:

> I've never seen a user with nineteen grams on them mainly for the reason that they don't want to get ripped off, they don't want to get robbed. But this is nineteen hundred dollars worth of crack cocaine on the street and I've just never seen a user with this amount on the street . . . .

Holley did acknowledge the three large rocks did not appear to be "cut up for major distribution." Commenting on the fact no money was found on appellant, Holley testified if appellant had just purchased the nineteen grams, he could understand the absence of cash. Nevertheless, a large percentage of dealers do carry currency with them. Holley concluded, "the fact that someone with nineteen grams of cocaine on them with no money is not a determining factor whether I find it inconsistent or consistent." Further, Holley considered the fact that no smoking device was found.

The foregoing evidence supports the trial court's conclusion that appellant intended to distribute cocaine. See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding that proof that quantity possessed exceeds that normally intended for personal use, without more, is sufficient to show intent to distribute).

CONCLUSION

For the foregoing reasons, we find that the trial court did not err in finding the evidence sufficient to convict appellant of possession of cocaine with the intent to distribute. Accordingly, the trial court is affirmed.

Affirmed.