COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


SHAYQUAN QUANTAE MARSHALL, S/K/A
  SHAYQUAN QUONTAE MARSHALL
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2124-07-2                      JUDGE LARRY G. ELDER
                                                         JULY 1, 2008
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Beverly W. Snukals, Judge

                Craig S. Cooley for appellant.

                Gregory W. Franklin, Assistant Attorney General (Robert F.
                McDonnell, Attorney General; Office of the Attorney General, on
                brief), for appellee.


        Shayquan Quantae Marshall (appellant) appeals from his bench trial conviction for

possession of cocaine with intent to distribute in violation of Code § 18.2-248.  On appeal, he

contends the evidence was insufficient to prove he possessed the cocaine with the requisite

intent.[1]  We hold the evidence was sufficient to support a finding that he intended to distribute

the 9.5-ounce, golf-ball-sized rock of crack cocaine, and we affirm.

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly

deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant does not challenge the sufficiency of the evidence to prove he possessed the
cocaine.

(1975). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. Id.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). In cases lacking direct evidence of drug distribution, intent to distribute "must be shown by circumstantial evidence," Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). Circumstances that shed light on the accused's specific intent regarding illegal drugs in his possession include the quantity and method of packaging of the drugs possessed by him and the presence or absence of drug paraphernalia. Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001). "'Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996) (finding sufficient evidence of intent to distribute based on possession of seven baggies containing a total of 3.7 grams of cocaine) (quoting Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc)); see also Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973) (holding proof that the quantity of drugs possessed exceeds an amount normally possessed for personal use, without more, can be sufficient to show an intent to distribute). Also, "the absence of any paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor [] indicating an intent to distribute." Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc).

Expert testimony may be considered in determining whether a defendant intended to distribute an illegal substance. Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991). "The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case." Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003).

Here, Sergeant Thomas testified that appellant's possession of 9.5 grams of crack cocaine, which would have a street value of $950 if sold as single "hits," was inconsistent with possession of the drug for personal use. Sergeant Thomas testified that the typical user would purchase each single hit of less than one-quarter of an ounce in an individually-wrapped baggie corner for $20, or half that amount for $10, and that a user would typically purchase four or five such hits at the most because "[t]hey want to come in, get it and get out of the area quickly. They usually don't have a lot of money to spend on the cocaine because they're trying to support their habit." He also explained that buyers typically "go back to the same place multiple times of the day" and that "[i]t's not an area [where] they want to hang out because of robberies, getting beat up, most importantly, getting arrested by the police." He testified that "[t]hrough all of [his] encounters of talking with buyers and/or sellers," he had "never encountered [a user] who would buy 10 grams of cocaine."

Although the quantity of the drug appellant possessed was not packaged for distribution, Sergeant Thomas testified that the method of packaging was consistent with appellant's having purchased the entire quantity from his supplier and "[being in transit] to a place where you have scales and your packaging materials."

Sergeant Thomas admitted that a "severe addict" could consume such a quantity in four to nine days, but the record contained no evidence to suggest that appellant was a "severe addict" or even a user of crack cocaine. At the time of appellant's arrest, he had no device in his

possession with which to ingest the cocaine. Immediately prior to his arrest, he had been socializing with a group of other young men on a street corner rather than going to another location to ingest the cocaine as one would expect of a "severe addict." Further, appellant stated he was under the influence of marijuana and alcohol, and he showed no signs of crack cocaine use or withdrawal while in the custody of the police following his arrest.

Finally, while appellant was in the custody of Officer Melton, after he had been told only that he was under arrest for an "illegal substance" or "narcotic," appellant "asked if the cocaine could be dropped to a simple possession." This statement, viewed in the light most favorable to the Commonwealth, showed appellant's acknowledgement that he possessed the cocaine with an intent to distribute it.

We hold the evidence as a whole, viewed in the light most favorable to the Commonwealth, supported the trial court's finding that appellant possessed the cocaine with the requisite intent to distribute. Thus, we affirm appellant's conviction.

<u>Affirmed.</u>