COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Athey
Argued at Richmond, Virginia

UNPUBLISHED

TODD WENDELL JONES, JR.

                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0640-24-2          JUDGE RANDOLPH A. BEALES
                                        DECEMBER 9, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Claire G. Cardwell, Judge

Monica Tuck, Assistant Public Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Austin E. Deramo, Assistant Attorney General (Jason S. Miyares,
Attorney General; Susan Hallie Hovey-Murray, Assistant Attorney
General, on brief), for appellee.


Following a jury trial, the Circuit Court of the City of Richmond convicted Todd Wendell

Jones, Jr., of possession with intent to distribute cocaine in violation of Code § 18.2-248. Jones

argues that the evidence was insufficient to support his conviction. We disagree and affirm the

circuit court.

I. BACKGROUND[1]

On April 20, 2023, Richmond Police Detectives Wren Sinclair and Jessica Spence were

members of the Strategic Violence Interdiction Unit, which focused on crimes involving gun

violence and drug trafficking. While on patrol with three other officers in an area of the city

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "In accordance with familiar principles of appellate review, the facts will be stated in
the light most favorable to the Commonwealth, the prevailing party at trial." *McGowan v.
Commonwealth*, 72 Va. App. 513, 516 (2020) (quoting *Gerald v. Commonwealth*, 295 Va. 469,
472 (2018)).

known for "high narcotics and crime," the detectives saw Jones and another person standing in a convenience store parking lot. The officers were in a marked Ford Explorer SUV and wore tactical vests marked "police." When Jones saw the police SUV approaching, he walked quickly toward the store and reached in and around his waistband.[2] Based on their training and experience, the detectives thought Jones was concealing drugs or firearms.

Detective Sinclair parked the SUV in front of the store and followed Jones into the store and down one of the aisles. The detective saw Jones reach his clenched right hand into a display of chips. Jones grabbed a bag of chips with his right hand as the detective detained him. Detective Sinclair directed Detective Spence to look on the shelf from which Jones had grabbed the chips. Detective Spence found a small plastic baggie containing suspected crack cocaine. No other drugs or drug paraphernalia suggesting personal use were found in the store, on Jones's person, or in his car.

Forensic Scientist Deborah Brimijoin testified as an expert in the field of narcotic analysis. Brimijoin tested the plastic baggie of suspected crack cocaine recovered by Detective Spence at the convenience store and determined it contained 12.87 grams of cocaine. She did not analyze the purity of the substance.

Detective Shane Watson testified for the Commonwealth as an expert in narcotics distribution. He said that the approximate wholesale value of 12.87 grams of cocaine ranged from $400 to $550, but crack cocaine was usually sold in "hits" of 0.10 or 0.20 grams each, at a cost of $20 apiece. Thus, 12.87 grams would equal between 64 and 128 individual "hits," and its resale value would exceed $1,200. Detective Watson testified that a drug user typically would not purchase cocaine in "bulk" because of the high cost, and in his experience, even a heavy

---

[2] Jones was subject to a waiver of his rights under the Fourth Amendment. Before the trial began, the trial court granted Jones's motion *in limine* to exclude any mention of the waiver.

cocaine user would consume at most two to ten hits a day. He indicated that the quantity of the drugs possessed was "definitely one of the bigger factors" in determining whether the drugs were for personal use or distribution. He also identified other factors to be considered, including the presence or absence of packaging, paraphernalia, cash, and firearms. Considering "all the factors" present in Jones's case, Detective Watson opined that the amount of cocaine Jones possessed was inconsistent with personal use.

At the close of the Commonwealth's case-in-chief, Jones moved to strike the evidence, arguing that the evidence did not establish that he possessed the cocaine or that he intended to distribute it. He contended that the evidence merely showed his proximity to where the drugs were found and, with respect to intent, "almost none of the traditional markers of distribution [were] present." The trial court denied the motion. Jones did not present any evidence and renewed his motion to strike, which the court again denied.

The jury was instructed on both simple possession and possession with intent to distribute. After deliberating for several hours, the jury found Jones guilty of possession with intent to distribute. The jury then fixed his sentence at eight years in prison, which the trial court imposed. Jones timely noted his appeal.

## II. ANALYSIS

### A. Standard of Review

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the

relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "[W]e consider the evidence presented at trial in the light most favorable to the Commonwealth, [as] the prevailing party below. 'We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008) (citations omitted) (quoting *Riner v. Commonwealth*, 268 Va. 296, 303 (2004)).

### B. Proof of Possession with Intent to Distribute

Jones was convicted of violating Code § 18.2-248, which provides that "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance." Although Jones argued at trial that he did not possess the cocaine, he contends on appeal only that the evidence was insufficient to convict him of possession with intent to distribute. He argues the evidence failed to prove he intended to distribute the cocaine because the proof of intent rested solely upon the quantity of the cocaine.

"Possession with intent to distribute is a crime which requires an act [of possession] coupled with a specific intent." *Barlow v. Commonwealth*, 26 Va. App. 421, 429 (1998). "[P]roof of intent is essential to conviction." *Adkins v. Commonwealth*, 217 Va. 437, 440 (1976). And "[b]ecause direct proof of intent is often impossible to produce, it may, and frequently must, be shown by circumstantial evidence." *Barlow*, 26 Va. App. at 429. "[C]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000). "Circumstantial evidence probative of intent to distribute may include: quantity of drugs seized, packaging, presence of [an] unusual amount of cash, and drug paraphernalia or equipment related to distribution." *Pulley v. Commonwealth*, 74 Va. App.

104, 127 (2021). The "absence of any paraphernalia suggestive of personal use" may also be considered. *Welshman v. Commonwealth*, 28 Va. App. 20, 37 (1998) (en banc). Moreover, "[a]n expert witness may use these factors to express an opinion on whether a defendant's possession of drugs was inconsistent with personal use." *Burrell v. Commonwealth*, 58 Va. App. 417, 434 (2011). "As with any case, the fact-finder is entitled to make reasonable inferences from the evidence presented at trial to determine whether the defendant possessed drugs with the intent to distribute them." *Id.*

Proof of whether drugs are possessed for personal use or distribution is fact specific. *Askew v. Commonwealth*, 40 Va. App. 104, 110 (2003). "The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case." *Pulley*, 74 Va. App. at 127 (quoting *Scott v. Commonwealth*, 55 Va. App. 166, 173 (2009) (en banc)). Here, the detectives in the Strategic Violence Interdiction Unit were patrolling an area known for gun violence and drug trafficking when they saw Jones standing in a convenience store parking lot. The officers were in a marked SUV and wore tactical vests marked "police." When Jones spotted the officers, he quickly walked toward the store. Detective Sinclair saw Jones reach into his waistband—an area commonly used to conceal guns and drugs. The detective followed Jones into the store and saw him reaching toward the chips rack with his clenched right hand. Jones then grabbed a bag of chips as the detective detained him. Moments later, Detective Spence found a clear plastic baggie containing suspected crack cocaine in the same location where Jones appeared to have placed an item he had held in his clenched hand moments before. The baggie contained 12.87 grams of cocaine having a potential resale value of $1,200.

There is no uniform standard that distinguishes amounts for personal use from amounts for distribution. *Askew*, 40 Va. App. at 110. It is well-settled, however, that "the quantity of drugs alone 'may be sufficient to establish such intent [to distribute] if it is greater than the supply

- 5 -

ordinarily possessed for one's personal use.'" *Pulley*, 74 Va. App. at 127 (alteration in original) (quoting *Cole v. Commonwealth*, 294 Va. 342, 361-62 (2017)); *see Hunter v. Commonwealth*, 213 Va. 569, 570 (1973).

Jones argues that even though our caselaw says quantity alone may be sufficient, other factors in addition to quantity were present in those cases.[3] However, other factors also are present in Jones's case. Jones was in an area known for "high narcotics" crimes. An area's known character for illegal drug distribution is "admissible as additional relevant evidence material to a prosecution" for possession with intent to distribute narcotics. *Brown v. Commonwealth*, 15 Va. App. 232, 235 (1992). Jones quickly entered the store when he saw the police. *See Iglesias v. Commonwealth*, 7 Va. App. 93, 110-11 (1988) (en banc) (affirming a conviction for intent to distribute cocaine where the defendant exhibited evasive driving when he spotted the police while traveling on I-95). Jones attempted to hide the baggie of crack cocaine in a rack of chips. "Probably the strongest evidence of guilty knowledge is an attempt to abandon [illegal contraband] when detection is feared." *Hawkins v. Commonwealth*, 288 Va. 482, 486 (2014) (quoting *Ruiz v. United States*, 374 F.2d 619, 620 (5th Cir. 1967)). Jones had no paraphernalia suggesting personal use, such as a smoking device. The "absence of paraphernalia suggestive of personal use . . . [is] regularly recognized as [a] factor[] indicating an intent to distribute." *Askew*, 40 Va. App. at 108 (alterations in original) (quoting *Welshman*, 28 Va. App. at 37).

---

[3] In *Hunter*, for example, the Supreme Court noted that "quantity was only one of the circumstances considered by the trial court." 213 Va. at 570. Hunter was a guest at an apartment when police arrived to execute a search warrant. *Id.* at 569. He threw a syringe, needle, and needle cover wrapped in a piece of paper on the floor as the police entered and had a pill bottle containing 71 capsules of heroin in his pocket. *Id.* at 570. There was no evidence Hunter was a drug user, but other persons in the apartment had recently injected heroin. *Id.* at 571. Affirming Hunter's conviction for possession with intent to distribute, the Court rejected his hypothesis that he was a "hapless victim" who had only "momentary possession" of the pill bottle when its owner had passed it around the room. *Id.*

Importantly, there was expert testimony in this case that the quantity of crack cocaine Jones possessed was inconsistent with personal use. *See Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011) (en banc) (stating that the proof of intent to distribute was based entirely on the expert testimony of a police officer who said the amount the defendant possessed was inconsistent with personal use). This use of expert testimony is consistent with this Court's decision in *Holloway*, because there Holloway possessed three small $20 bags of imitation cocaine, which he had thrown down as the police officers approached; no packaging, scales, user devices, or large amounts of cash were found. *Id.* at 662. A police detective testified as an expert that the amount as packaged and the absence of any user devices was inconsistent with personal use. *Id.* He also said that a regular user would not buy three separate $20 bags because it was not "cost effective" and a new user would not attempt to use three bags at the same time. *Id.* at 663.

Similarly, in this case, Detective Shane Watson testified that 12.87 grams of crack cocaine had a wholesale value of $400-550 and a street value of at least $1,200, as it could be broken down into "hits" of 0.10 or 0.20 grams and sold for $20 each. He said a typical user would use two to ten hits per day but would not buy in bulk for "financial reasons." *See Askew*, 40 Va. App. at 107-08, 111-12 (finding evidence of intent to distribute where a law enforcement officer testified as an expert that the 7.36 grams of cocaine the defendant possessed was inconsistent with personal use, as he had never seen a user "stockpile[]" three grams of crack cocaine for personal use).

In contrast, in *Wells v. Commonwealth*, 2 Va. App. 549 (1986), the defendant possessed 70 baggie corners, totaling 4.2 ounces of marijuana, valued at $700. *Id.* at 550-51. A police officer testified that it was "unusual" for a person to have that amount of marijuana for personal use, but he did not say the amount was "totally inconsistent" with personal use. *Id.* at 553. As

there was no other evidence of distribution, this Court reversed and remanded the conviction. *Id.* There also was no expert testimony regarding personal use in *Dukes v. Commonwealth*, 227 Va. 119 (1984), a factor the *Holloway* Court noted in distinguishing the case.[4] *See Holloway*, 57 Va. App. at 670. Nor was there any showing in *Adkins*, 217 Va. at 438-40, that the approximately six ounces of marijuana the defendant possessed was incompatible with the hypothesis he had it for his own use.

Considered in its totality, circumstantial evidence must "exclude every reasonable hypothesis except that of guilt." *Dowden*, 260 Va. at 468. But the fact that Jones's theory of the case differs from the Commonwealth's position does not mean every reasonable hypothesis of innocence has not been excluded. *See Holloway*, 57 Va. App. at 668. The possibility that Jones possessed the cocaine for personal use was refuted by Detective Watson's expert testimony. Thus, "the only remaining reasonable hypothesis" was that he intended to distribute it. *Id.* The trial court did not err in denying the motions to strike after concluding that the evidence was sufficient to prove Jones intended to distribute the cocaine.

The fact that Brimijoin did not test the cocaine for purity does not change our analysis. The jury was aware of that fact and yet rejected the hypothesis that Jones possessed the cocaine for his own personal use. "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)).

Consequently, for all of these reasons, we cannot conclude on the record before us on appeal that the evidence was insufficient to support Jones's conviction. A rational factfinder could indeed

---

[4] Dukes possessed three small envelopes of marijuana, totaling one-half ounce, which the Supreme Court concluded could have been for personal use. *See Dukes*, 227 Va. at 122-23.

conclude from Jones's evasive behavior, the lack of paraphernalia indicative of personal use, and the sheer quantity of the narcotics, that Jones possessed the cocaine with the intent to distribute it.

## III. CONCLUSION

For the foregoing reasons, we do not disturb the judgment of the circuit court.

*Affirmed.*